# Richmond

## Arsno Kiser, et als. v. W. M. Ritter Lumber Co.

January 19, 1942.

Record No. 2471.

Present, All the Justices.

130

The opinion states the case.

*S. H. & Geo. C. Sutherland* and *H. C. Bolling*, for the plaintiffs in error.

*W. L. Rush* and *Burns & Lively*, for the defendant in error.

GREGORY, J., delivered the opinion of the court.

The plaintiffs in error were the plaintiffs in the court below, and there they filed a notice of motion for judgment against W. M. Ritter Lumber Company, a corporation, for damages alleged to have been occasioned by the cutting and removal of certain timber from land now claimed by them. At the conclusion of the introduction of evidence the court sustained the motion of the defendant to strike it out. This resulted in a verdict for the defendant which was approved by the judgment of the court.

The material facts are entirely free from controversy. Abednago Kiser, in 1915, owned a tract of timber land in Dickenson county. He was at that time aged and of doubtful

mental capacity. He had many children, was heavily in debt and more or less in destitute circumstances. In March, 1915, he entered into an option and contract of sale with the W. M. Ritter Lumber Company whereby he agreed to sell the timber then growing on the tract of land for a certain stipulated price. At the time of making the contract the W. M. Ritter Lumber Company did not know of his failing mental capacity, but later upon discovering his mental condition refused to exercise the option and consummate the contract unless it could be assured of an unquestionable title to the timber approved by a court of equity in a proper proceeding instituted and conducted for that purpose.

The children of Abednago Kiser were anxious to have the sale consummated, and they undertook to conduct a chancery suit to have the sale approved and confirmed by the court. They had E. T. Kiser, one of the sons of Abednago Kiser, appointed committee for their father and as such he thereupon instituted a suit against his father and brothers and sisters in accordance with the expressed desire of all to sell the timber to the W. M. Ritter Lumber Company. The bill of complaint purported to name as defendants all of the heirs of Abednago Kiser if he were then dead. All of them appeared to be of age. The prayer of the bill was that either the contract with W. M. Ritter Lumber Company be approved, or that the timber be sold at public auction. There was also a prayer for general relief.

S. P. Riddle, an attorney, was engaged by the defendants to file an answer on their behalf. They wrote him a letter on September 20, 1915, informing him that they were all of the children of Abednago Kiser and expressly authorized him to file the answer concurring in the prayer of the bill of complaint to the end that the said contract might be approved, and that the court might enter such decree as to it seemed proper and further "you are hereby authorized to take further steps or make such other admissions in conformity with the allegations of the bill as will bring this case to a hearing at the approaching term."

According to the directions, S. P. Riddle prepared and filed

an answer for the defendants, in which they asked that the prayer of the bill of complaint be granted, and that the "timber, rights and privileges and other things therein prayed for" be allowed and decreed.

A guardian *ad litem* was appointed for Abednago Kiser, and on behalf of his incompetent and in proper person he filed an answer. (See Code, sections 5337 and 5337a). Proper decrees were entered, after the evidence had been taken, and a special commissioner was appointed to convey the timber to the W. M. Ritter Lumber Company and to collect the purchase price. These directions were followed, a deed was made and delivered to the W. M. Ritter Lumber Company, and it paid the purchase price to the special commissioner; all of this was confirmed by the court. On March 15, 1916, the cause was dismissed from the docket.

The plaintiffs in error contend that all of the proceedings had in the chancery suit were void because certain statutes providing for the sale of lands of incompetents were not literally complied with. They therefore contend that no title to the timber passed to the lumber company, but that it is now vested in them, their ancestor Abednago Kiser having departed this life in 1917. The specific defects relied upon as vitiating the chancery proceedings will be adverted to later on. The record fails to show whether Abednago Kiser died testate or intestate.

The deed of the special commissioner, which was expressly approved by the decree of the court, granted to the W. M. Ritter Lumber Company the right to cut and remove the timber within fifteen years, and for an additional consideration, if the timber had not been cut and removed within the fifteen years, an extension not to exceed ten years was granted.

Prior to the expiration of the additional ten year period the W. M. Ritter Lumber Company did cut and remove all of the timber without any objection on the part of the plaintiffs in error although some of them knew of it. In accordance with the terms of the deed the additional compensation for the extension was due after the timber was cut and removed.

The W. M. Ritter Lumber Company undertook to pay the additional compensation, but as stated Abednago Kiser had died in 1917, and no personal representative had been appointed for his estate. Later the attorney for the company informed certain of the heirs that payment was due and suggested that some one be authorized to receive it. The heirs (plaintiffs in error) refused to receive the payment which amounted to $863.88. Under the terms of the deed the additional compensation was to be paid to the committee of Abednago Kiser or his other legal representative. There now being no committee or other legal representative the said compensation is in the hands of the W. M. Ritter Lumber Company, which stands ready to pay the same under the terms of the deed to the properly designated person who may be legally qualified to receive the same.

The main assignment of error is that all of the proceedings in the chancery cause of *Kiser, Committee* v. *Floyd Kiser, et als.*, were void because in naming the defendant parties the heirs of Caroline Skeen, a deceased daughter of Abednago Kiser, were overlooked and omitted as defendants; that under the statute it was essential that all of those who would be heirs of the incompetent if he were dead be made defendants; that the children of Caroline Skeen being in that class were indispensable defendants, and the failure to bring them in as defendants vitiated the entire proceeding. While there are other assignments of error they are either without merit or their determination would not be decisive of the case.

The court below held that the contention of the plaintiffs in error, that the chancery proceedings were void, amounted to a collateral attack upon a decree of the court, valid upon its face, and also that they were estopped after the lapse of twenty-five years to question the validity of the proceeding which they themselves or their privies instituted and conducted. The court below did not pass upon any rights that the heirs of Caroline Skeen may or may not have, holding that if any such rights exist they may be taken care of in a proper suit in a proper forum.

[■] The decrees collaterally attacked in the present action

at law were entered in 1916, some twenty-five years ago. They confirmed the sale of the timber and were regular upon their face in all respects. The court had jurisdiction of the parties and the subject matter. The bill of complaint purported to name and make defendant all proper and necessary parties. From an inspection of the bill, the answers and the evidence, it was impossible to determine that there were any omitted parties defendant. In fact, a reading of the recorded proceedings convinces one that there were no necessary parties omitted. If there were parties omitted the fault lies with the plaintiffs in error and their predecessors and privies who had conducted the chancery suit.

The recitals in one of the decrees are that the process was duly accepted by all the defendants; that Riddle, guardian *ad litem*, filed an answer for Abednago Kiser; that all of the other defendants who were all heirs of Abednago Kiser filed their answers; and that depositions were duly taken and filed, from all of which the court was of the opinion that the complainants were entitled to the relief sought in the bill. J. C. Smith was appointed a special commissioner to execute and deliver to the W. M. Ritter Lumber Company a deed conveying the timber to it. The special commissioner delivered the deed and collected the purchase money as directed and turned it over to E. T. Kiser, committee of Abednago Kiser. All of these acts and the deed were expressly approved and confirmed by the court and, nothing remaining to be done, the suit was dismissed in 1916.

The present action at law for damages for trespass alleged to have been committed by the W. M. Ritter Lumber Company is prosecuted by substantially the same parties who instituted and conducted the chancery suit, and in order to hold the company for damages they assert that the chancery proceedings over which they and their predecessors and privies had control were illegal and void, but no tender of the money paid by the W. M. Ritter Lumber Company, twenty-five years ago, is made. To sustain their contention would result in an injustice.

These parties and those under whom some of them

claim successfully maintained the position in the chancery suit that they were all of the heirs of Abednago Kiser if he were dead; that it was to his interest that the lumber be sold to the W. M. Ritter Lumber Company, and that the sale was fair and prejudiced the rights of no person. At their instance the challenged decrees were entered. In the present action at law the same parties and their privies, except the heirs of Caroline Skeen, are collaterally assailing the very decrees which they asked the court to enter twenty-five years ago. This position is at variance with their former position. They are precluded in the present action at law from taking a position that would in effect vitiate and set at naught the decrees they asked for in the chancery suit. *Rhea* v. *Shields,* 103 Va. 305, 49 S. E. 70.

In *Farant Inv. Corp.* v. *Francis,* 138 Va. 417, 122 S. E. 141, the court held:

"It is settled that, although a court is in the exercise of limited and special statutory authority, if it appears upon the face of the proceedings in the suit that the court has active jurisdiction, the same rule applies as where a court of general jurisdiction has active jurisdiction, and its action cannot be collaterally attacked for error not appearing on the face of the proceedings. That is to say, where it appears on the face of the proceedings that the court has jurisdiction to decide whether or not a condition of fact exists which is essential to its jurisdiction, and it decides that fact affirmatively, its decision cannot be assailed collaterally on the ground that it was erroneous; for in such case the error does not appear on the face of the proceedings; the record is presumed to speak the truth and can be tried by inspection only; extrinsic evidence not being allowed to impeach the verity of the record. 2 Freeman on Judgments (4th ed.) secs. 523, 524; 23 Cyc. p. 1088-9; 15 R. C. L. sec. 337, p. 863; *Walker's Ex'r* v. *Page,* 21 Gratt. (62 Va.) 636; *Dowell* v. *Applegate,* 152 U. S. 327, 14 Sup. Ct. 611, 38 L. Ed. 463; *Riverside Cotton Mills* v. *Alabama,* 198 U. S. 188, 25 Sup. Ct. 629, 49 L. Ed. 1008."

By reference to the record in the chancery suit of *Kiser,*

*Committee* v. *Floyd Kiser, et als.*, it is readily seen that those proceedings were regular, and they disclose the allegation of every essential statutory jurisdictional fact necessary to give the court absolute and complete jurisdiction. Those facts were sustained by proof and there was an adjudication in the decree that the complainants were entitled to the relief prayed for in the bill, and the sale of the timber was duly confirmed. From the adjudication we must conclusively presume that the essential jurisdictional allegations were sustained by proof. The answers of the defendants, including the guardian *ad litem*, were regular in form. They purported to embrace all necessary defendants. Nowhere in the proceedings is there any fact or intimation that would disclose that one of Abednago Kiser's children had died, leaving surviving children.

Extrinsic evidence cannot be introduced to impeach the verity of a record. The record in the chancery suit of *Kiser, Committee* v. *Floyd Kiser, et als.*, is presumed to speak the truth. The court had complete jurisdiction in that suit and its decree which was regular upon its face cannot be collaterally attacked in the present action at law. *Farant Inv. Corp.* v. *Francis*, 138 Va. 417, 122 S. E. 141.

While courts of equity in the sale of lands of an infant or incompetent are exercising a special or limited statutory jurisdiction, yet their decrees are not open to collateral attack. Where facts essential to give the court jurisdiction are shown from the record, a presumption prevails in favor of its jurisdiction and of the validity of its decrees even though the court is exercising a limited authority. *Penick* v. *Ratcliffe*, 149 Va. 618, 140 S. E. 664. When the jurisdiction is established a decree of a court of limited jurisdiction is entitled to the same presumption in favor of its correctness as if it were the decree of a court of general jurisdiction. *Carter's Adm'r* v. *Skillman*, 108 Va. 204, 60 S. E. 775.

The additional compensation of $863.88 will be due the personal representative of Abednago Kiser just as soon as one qualifies. It is not due the plaintiffs in error, and therefore no judgment in their favor for said amount can be awarded.

■ The rights, if any, of the heirs of Caroline Skeen are not passed upon. They are not to be prejudiced by this proceeding. Those heirs, if they have any rights, may assert them in a proper forum.

The judgment is affirmed.

*Affirmed.*