**Alexandria**

HERBERT ERICKSON-DICKSON

v.

LINDA A. ERICKSON-DICKSON

No. 0301-89-4

Decided April 30, 1991

COUNSEL

Dabney Overton, Jr., for appellant.

Glenn M. Hodge (Wharton, Aldhizer & Weaver, on brief), for appellee.

OPINION

**COLEMAN, J.**—In this appeal we consider what remedy, if any, is available to a party seeking equitable distribution in a divorce proceeding where the trial court has violated the directives of Code § 20-107.3 by granting a divorce and deferring equitable distribution. Here, the trial court granted a divorce and retained jurisdiction to consider the equitable distribution issues without a joint motion of the parties and without a determination that such action was clearly necessary because of the complexities of the property interests. We hold that the appellant did not make a timely objection to the trial court's ruling or its failure to make the required findings of fact; therefore, we hold that the appellant has failed to preserve for appeal the question whether the evidence was sufficient to support the ruling to bifurcate the issues and to retain jurisdiction to consider equitable distribution issues.

Linda Erickson-Dickson filed a bill of complaint for divorce, alleging that she and her husband had lived separate and apart without cohabitation for more than one year. Herbert Erickson-Dickson alleged in his cross-bill that his wife had deserted him. Both parties requested equitable distribution of the marital property. The trial court granted the wife a final divorce on December 22, 1987, on the grounds that the parties had lived separate and apart for more than one year; the court retained the matter on the docket and "reserved" the issues of equitable distribution, which it referred to a special commissioner. The husband, by counsel, made a general objection to granting the wife a divorce and endorsed the decree as "seen and objected to." He did not specify any particular aspect of the court's findings or rulings which he considered objectionable, and he did not object to or appeal the decree of divorce or the ruling in the decree which deferred adjudication of the equitable distribution issues.[1] The wife, who had

---

[1] The trial court, in a subsequent ruling on the issue of whether it had properly retained jurisdiction to grant equitable distribution, held that it was obvious that husband's objection was noted to the findings of the court regarding the divorce and not to the retention of jurisdiction, as the husband had previously agreed to refer the equitable distribution issues to a commissioner.

prevailed on her ground for divorce and who also had no objection to the court's action deferring adjudication of equitable distribution issues, did not object to the court's rulings or decree.

The special commissioner received evidence and filed a report in which he recommended that the wife be granted a monetary award of $8,634.38, provided the court had the authority to do so. The special commissioner raised for the first time whether the 1986 amendment to Code § 20-107.3 precluded further adjudication of the equitable distribution issues.[2] Thereafter, the husband objected to the trial court receiving the commissioner's recommendation of a monetary award and considering further the issue of equitable distribution, asserting for the first time that the trial court no longer had jurisdiction to adjudicate the issues of equitable distribution. He argued there, as he does here, that the 1986 amendment to Code § 20-107.3 is cast in terms that the court "may retain jurisdiction" in the final divorce decree, provided the two mandatory prerequisites are met. When, as here, those conditions have not been met, he argues, the court is divested of its jurisdiction to consider further the equitable distribution issues.

The trial court ruled that the requirements of Code § 20-107.3 which are necessary to retain jurisdiction had been substantially satisfied because both parties had requested equitable distribution in their pleadings, both had contemplated that equitable distribution issues would be considered further by the court, and both parties were in agreement that the matter would be referred to a special commissioner. These facts were sufficient, the court ruled, to satisfy the joint motion requirement. Also, the trial court ruled that, although no specific finding of complexity of the property issues was made part of the decree, such a finding was implicit in its ruling and was supported by evidence that most of the marital assets were located in Maryland.

We hold that when the trial court granted a final divorce and "reserved" the issue of equitable distribution, this action by the trial court did constitute a ruling to retain jurisdiction. How-

---

[2] The 1986 amendment to Code § 20-107.3 provides:

"The court, on the motion of both parties, may retain jurisdiction in the final decree of divorce to adjudicate the remedy provided by this section when the court determines that such action is clearly necessary because of the complexities of the parties' property interests, and all decrees heretofore entered retaining such jurisdiction are validated."

ever, the fact that both parties requested equitable distribution in their pleadings or "contemplated" that the issue would be considered further does not satisfy the requirement of the 1986 amendment to Code § 20-107.3 that in order to enter a final decree of divorce and retain jurisdiction to decide the equitable distribution issues, the parties must jointly make a motion for the court to do so. To hold otherwise would authorize courts to bifurcate the divorce and property issues based solely upon the fact that both parties had requested equitable distribution in their pleadings. Separate requests in the pleadings by the parties is not the equivalent of a joint motion to defer consideration of an issue after granting the final decree of divorce. Moreover, the husband purported to "object" to the entry of the divorce decree which contained the decree of reference; his actions cannot be considered a joint motion for the court to decide the divorce issue but retain equitable distribution jurisdiction. Also, the trial court's ruling, after the fact, that its finding regarding the complexity of the property issues was implicit in its decision to retain jurisdiction does not satisfy the statutory requirement that the court find a clear necessity for retaining jurisdiction because of the complexities of the parties' property interests. Thus, we hold that, although the trial court did purport to retain jurisdiction to decide equitable distribution issues after granting a final divorce, it did not comply with the requirements of the statute since it failed to make the necessary findings of fact for its ruling and, to the extent it attempted to make those findings after the ruling, the evidence was insufficient to support them. We must, therefore, consider the effect of the trial court's ruling "to retain jurisdiction" when the court failed to make the findings required by statute.

The husband contends that Code § 20-107.3 defines and limits the jurisdiction which trial courts have to grant a final divorce and to retain jurisdiction to decide equitable distribution. He argues that the failure of the court to follow the procedure divested the court of further jurisdiction. The effect of a trial court failing to follow the statute, he argues, is that the court loses jurisdiction to grant equitable distribution after granting a final divorce. He also argues that he was not required to object to the court's failure to make findings or to its ruling which exceeded its jurisdiction.

■ The history of Code § 20-107.3 and the cases leading to the 1986 amendment are instructive. The 1986 amendment followed

our decision by a divided panel in *Parra v. Parra*, 1 Va. App. 118, 336 S.E.2d 157 (1985). In *Parra*, we held that Code § 20-107.3, as it then read, authorized trial courts to grant a final divorce but to defer adjudication of the monetary award issues until some future date. *Id.* at 127, 336 S.E.2d at 162; *see also Morris v. Morris*, 3 Va. App. 303, 306, 349 S.E.2d 661, 663 (1986). The 1986 amendment by the General Assembly, following the *Parra* holding, imposed specific limitations upon when a court may bifurcate the divorce issues and defer adjudication of the equitable distribution questions. Ostensibly, the 1986 amendment was enacted, among other reasons, to prevent a litigant or the trial court from delaying adjudication of property issues after a final divorce as a means of using economic pressure to compel one or both parties to make a forced settlement of those or other issues, such as support or custody. *See Parra*, 1 Va. App. at 130-35, 336 S.E.2d at 163-66 (Baker, J., concurring in part and dissenting in part); *see also Bifurcation*, 7 Equitable Distribution J. 71 (1990) (discussing benefits and disadvantages of courts being able to bifurcate the issues). The legislature determined in the 1986 amendment that trial courts may bifurcate the divorce issue and incidental questions of distribution of marital property only where the parties jointly make a motion to do so *and* then only when the court determines that such action is clearly necessary because of the complexities of the parties' property interests. Otherwise, the divorce issues and equitable distribution determinations, which issues are also interdependent with the spousal and child support determinations, Code §§ 20-107.1(8) and 20-107.2(2)(g), must be adjudicated contemporaneously.

When, however, the trial court fails to abide by the limitations of Code § 20-107.3, either because the parties did not join in the motion to bifurcate or because the court did not determine that the parties' property interests are complex, the statute is silent as to whether the divorce is void or voidable because complete relief was not granted, or whether, how, or to what extent the parties may proceed with equitable distribution.

■ We must determine the purpose and scope of the 1986 amendment by construing the intent of our legislature from the language and "the plain meaning of the words" used in the statute. *Marsh v. City of Richmond*, 234 Va. 4, 11, 360 S.E.2d 163, 167 (1987). Where the intent is clear from a plain reading of the

amendment to the statute, we must adhere to the pronouncement of our legislature. While the clear intent of the legislature was to compel courts to obtain the consent of both parties before the courts could grant a divorce and defer equitable distribution issues, and then only when complex property interests created a clear necessity for doing so, the statute does not expressly provide for a remedy or sanction where the court grants the divorce and defers equitable distribution contrary to the requirements of the statute. Where, as here, the amendment was in response to previous judicial decisions, those cases which precipitated the amendment help inform our understanding of legislative intent.

Prior to 1982, divorce courts had no authority to divide or order the transfer of property between divorcing spouses, other than to grant periodic or lump sum spousal support (formerly alimony). *Barnes v. American Fertilizer Co.*, 144 Va. 692, 709, 130 S.E. 902, 907 (1925); *Guy v. Guy*, 210 Va. 536, 541, 172 S.E.2d 735, 738 (1970).

> [W]here a new jurisdiction is created by statute and the mode of acquiring and exercising that jurisdiction by the court upon which it is conferred is prescribed by statute, a substantial compliance therewith, at least, is essential, otherwise the proceeding will be a nullity.

*Cauthorn v. Cauthorn*, 196 Va. 614, 621, 85 S.E.2d 256, 260 (1955). In *Blankenship v. Blankenship*, 125 Va. 595, 602, 100 S.E. 538, 541 (1919), the Supreme Court applied this principle when it determined that where the special statutory power to grant divorces was conferred upon courts, the factual prerequisites necessary for exercising that jurisdiction had to be specifically pled and proven or the proceedings were a nullity. In 1982, the General Assembly enacted Code § 20-107.3, which conferred upon divorce courts an additional special statutory jurisdiction to grant a monetary award to a spouse as a means of equitably distributing the marital wealth between divorcing parties. *Rexrode v. Rexrode*, 1 Va. App. 385, 393-94, 339 S.E.2d 544, 549 (1986). In 1985, we held in *Parra* that, although the statute conferred equitable distribution jurisdiction upon the divorce courts and defined how such jurisdiction was to be exercised, it did not limit the court's authority to exercise its jurisdiction to grant a monetary award even after it had entered a final decree of divorce. 1 Va.

App. at 124, 336 S.E.2d at 162.

The 1986 amendment, which was in response to the *Parra* decision, clearly was intended to mandate that divorce courts adjudicate contemporaneously the divorce and equitable distribution issues except where two conditions are met. The legislature defined that limitation in terms of the court being able "to retain jurisdiction to adjudicate the remedy provided." "Jurisdiction" means the power of a court to hear and determine a cause, which power is conferred by a constitution or by statute, or both. *See Daniels v. Tearney*, 102 U.S. 415, 417-18 (1880). Generally, when a court acquires jurisdiction over the subject matter and over the person, the court retains jurisdiction until the matter before it has been fully adjudicated. *Laing v. Commonwealth*, 205 Va. 511, 514, 137 S.E.2d 896, 899 (1964). As previously noted, however, when a special statutory jurisdiction is being exercised, the factual prerequisites must be pled and proven. *Blankenship*, 125 Va. at 602, 100 S.E. at 541. The legislature, of course, may limit the power of a court exercising a special statutory authority.

We conclude that the General Assembly, when it amended Code § 20-107.3 in 1986, intended to limit the power and jurisdiction of divorce courts and to prohibit them from separately adjudicating divorce and equitable distribution except when two prerequisites which the legislature imposed had been met. We find that the General Assembly's use of the phrase "retain jurisdiction" was a purposeful decision to limit the court's power. However, the issue, unlike *Blankenship*, *Guy* and *Cauthorn*, is not whether the court initially acquired jurisdiction but whether it retained jurisdiction. Clearly, the court acquired jurisdiction over the parties and over the subject matter to grant divorce and equitable distribution. Once the court acquired jurisdiction, the power of the court to retain the equitable distribution jurisdiction pursuant to Code § 20-107.3 after it has granted a final divorce, depended upon its making a factual determination of whether the parties joined in a motion to do so and whether a clear necessity to do so existed due to complex property interests.

When the court has acquired jurisdiction over the parties and the subject matter, and its continued exercise of that jurisdiction requires a ruling which depends upon factual determinations, an error in deciding the facts or the failure to decide them does not render the ruling void or a nullity. "[I]f the inferior court has

jurisdiction of the subject matter of the controversy, and the parties are before it, . . . a mistaken exercise of that jurisdiction does not render its judgment void." *County School Bd. v. Snead*, 198 Va. 100, 107, 92 S.E.2d 497, 503 (1956). "[T]he court has jurisdiction to err, as well as to correctly adjudicate the questions before it for decision, and the remedy to correct the errors of the court is solely by appeal." *Farant Inv. Corp. v. Francis*, 138 Va. 417, 436, 122 S.E. 141, 147 (1924); *see also Kiser v. W. M. Ritter Lumber Co.*, 179 Va. 128, 136, 18 S.E.2d 319, 322 (1942). Thus, where, as here, the court erroneously ruled to retain equitable distribution jurisdiction after granting a final divorce, the ruling is voidable and subject to challenge on direct appeal.

■ However, to preserve an issue for appeal, a party must timely object and state his reasons therefor in order that the trial judge may correct the problem, thus avoiding unnecessary appeals, reversals, and mistrials. *Hogan v. Commonwealth*, 5 Va. App. 36, 45, 360 S.E.2d 371, 376 (1987). Where the continued exercise of a special statutory jurisdiction depends upon proof of a fact or facts, the court has the power to make an erroneous factual finding, and the court acquires jurisdiction where that erroneous factual finding goes unchallenged. *See Farant Inv. Corp. v. Francis*, 138 Va. at 436, 122 S.E. at 147; *County School Bd. v. Snead*, 198 Va. at 107, 92 S.E.2d at 503. Linda Erickson-Dickson, who was awarded a divorce decree, could not challenge the action of the court because she cannot take "a position that would in effect vitiate and set at naught the decrees [she] asked for." *Kiser*, 179 Va. at 136, 18 S.E.2d at 322. Herbert Erickson-Dickson did not object to the court's ruling to bifurcate the issues and retain jurisdiction. His endorsement of the decree as "seen and objected to" did not comply with Rule 5A:18. His actions, or lack thereof, operated to deprive his spouse of the very remedy which Code § 20-107.3 was enacted to confer upon the parties.

The 1986 amendment to Code § 20-107.3 was enacted for the purpose of allowing divorcing spouses to compel the court to decide the divorce and property issues contemporaneously. The legislature did not provide a procedure whereby one party could, by his or her failure to object to the proceedings, deprive the court of its jurisdiction and the other party of his or her remedy. Herbert Erickson-Dickson did not object to the trial court's ruling to retain jurisdiction until after the decree granting a divorce and bifur-

cating the equitable distribution issue had been entered. His objection came too late; the ruling to retain jurisdiction, although based upon erroneous findings that the parties had jointly made a motion to do so and that a clear necessity existed because the property interests were complex, was nevertheless, a ruling which the court had the power to make. The trial court validly retained jurisdiction to adjudicate equitable distribution, and we affirm its decree doing so.[3]

*Affirmed.*

Duff, J., concurred.

Baker, J., dissenting.

For the reasons set forth in my dissents in *Parra v. Parra*, 1 Va. App. 118, 336 S.E.2d 157 (1985), and *Morris v. Morris*, 3 Va. App. 303, 349 S.E.2d 661 (1986), I respectfully disagree with the finding of the majority. I believe it was unnecessary for either party to object to the trial court's erroneous attempt to reserve jurisdiction to make determinations prohibited by Code § 20-107.3 without the consent of the parties and a specific finding that the case involved complicated matter. Pursuant to Rule 1:1, I would hold that after the expiration of the twenty-one days from the entry of the final divorce decree, the trial court was without jurisdiction to enter the judgments contained in the equitable distribution decree.

That portion of the divorce decree which granted the divorce is not at issue here; rather, it is the subsequent equitable distribution decree which is the basis for this appeal. Rule 1:1 and Code § 20-107.3, as amended, preclude the trial court's actions.

---

[3] We need not address, and we leave undecided, whether the appellant, had he made a timely objection, would have been required to appeal the decree granting the divorce and retaining jurisdiction or whether the issue would have been preserved for appeal until after the equitable distribution adjudication.