COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Frank and Humphreys
Argued at Richmond, Virginia


VALERIE A. PATEL
                                          OPINION BY
v.   Record No. 0228-00-2        JUDGE ROBERT P. FRANK
                                        NOVEMBER 21, 2000
NOEL P. PATEL


        FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                 Randall G. Johnson, Judge

        Lawrence D. Diehl for appellant.

        Richard L. Locke (Robert W. Partin;
        Patricia A. Collins; McCandlish, Kaine &
        Grant, on brief), for appellee.


     Valerie A. Patel (wife) contends on appeal:  1) the trial

court erred in ruling that it lacked jurisdiction to make an

equitable distribution award pursuant to Code § 20-107.3; 2) the

trial court retained jurisdiction over the issue of equitable

distribution; and 3) she should be awarded attorney's fees or

costs related to this appeal.

                      I.   BACKGROUND

     Wife and Noel P. Patel (husband) were married in 1982.  Wife

filed her bill of complaint for divorce on January 24, 1996.  On

December 10, 1997, the trial court rejected a sketch final decree

that was endorsed by counsel because the decree purported "to

have the court retain jurisdiction in order to hold an equitable

distribution hearing."  The trial court offered three options to

the parties:  "(1) have the decree entered and dismiss the case

from the docket; (2) schedule an equitable distribution hearing; or (3) schedule a hearing to state why retaining the case for an equitable distribution hearing after granting a divorce is clearly necessary."

On December 31, 1997, at the conclusion of a hearing, counsel for the parties submitted to the trial court the same sketch decree, which recited that "this cause shall otherwise be retained on the docket for the Court to perform the equitable distribution of the property of the parties pursuant to Virginia Code Section 20-107.3, which the parties have agreed shall be an equal (50/50) division."  Simultaneously with entry of the decree, the trial judge inserted, by his own hand, that the case would be retained on the docket "for a period of 60 days."  Thus, in its final form, the decree read, in pertinent part, "And this cause shall otherwise be retained on the docket for a period of 60 days for the Court to perform the equitable distribution of the property of the parties pursuant to Virginia Code Section 20-107.3, which the parties have agreed shall be an equal (50/50) division."  The trial court entered the decree December 31, 1997. The final decree was endorsed by both counsel without objection.

By joint motion on February 20, 1998, the parties requested a ninety-day extension of the time period the case would be retained on the docket.  On March 3, 1998, the trial court entered an order retaining the case on the docket only until March 31, 1998.  The order was endorsed by both counsel without objection.  No further orders were entered until the trial court dismissed the matter for lack of subject matter jurisdiction on January 5, 2000.

During November 1999, counsel for wife scheduled hearings during which wife intended to request that the trial court enter a pretrial order, hear evidence, and make an equitable distribution of the marital assets.

A hearing was held on December 15, 1999, at which time husband objected to the trial court taking any action because the trial court did not have jurisdiction to do so. Husband asserted the trial court lacked jurisdiction because the December 31, 1997 decree did not expressly find that retention of jurisdiction was "clearly necessary," in accordance with the statutory requirements, and the record did not support a finding that retention was "clearly necessary." Husband further contended the trial court retained jurisdiction only for a specified period of time and that twenty-one days after the expiration of that period, the court no longer had jurisdiction over the case.

After hearing the arguments of counsel and receiving briefs on the issue, the trial court, by letter opinion and an order dated January 5, 2000, dismissed the case. The trial court held that, prior to the entry of the December 31, 1997 decree, the court had found that retention of jurisdiction was "clearly necessary" and that, "by specifically stating that jurisdiction was retained to a date certain, the court was necessarily saying that after that date, jurisdiction would no longer exist." Furthermore, the trial court expressly found that the parties knew the court would be divested of jurisdiction when the time period expired, asking rhetorically, "Why else did [the parties] ask the court to enter the March 3 order extending the first retention of jurisdiction?"

On January 24, 2000, counsel for wife presented argument to the trial court on her motion to rehear and reconsider. The trial court denied wife's motion to reconsider.

## II. ANALYSIS

Wife first contends the trial court erred in ruling that it did not have jurisdiction to make an equitable distribution award beyond the extension period set by the court. We disagree.

Wife urges us to interpret the time period established in the December 31, 1997 final decree and the March 3, 1998 order extending the time period as simply a limitation that would remove the cause from the docket, not a limitation on the court's jurisdiction to make an equitable distribution award. In support of her position, wife first points to the final decree, which states, "And this cause shall otherwise be retained on the docket for a period of 60 days for the Court to perform the equitable distribution of the property of the parties pursuant to Virginia Code Section 20-107.3, which the parties have agreed shall be an equal (50/50) division." The March 3, 1998 order extending the time limitation states,

> This day counsel for the defendant appeared and was heard, <u>ore</u> <u>tenus</u>, upon the joint motion of the parties that this cause be retained on the docket for an additional period of time for the parties to divide their marital property and, it appearing proper to do so, it is hereby ORDERED that this cause be retained on the docket until March 31, 1998.

The court's order of January 5, 2000 dismissed the case and removed it from the active docket of the court.

In interpreting the December 31, 1997 and March 3, 1998 orders, we must determine whether the language created a deadline

after which the case would be removed from the trial court's docket or a limitation on the court's jurisdiction to make an equitable distribution award.  We find that the court entered an order retaining jurisdiction only for a time certain.

It is clear that the parties agreed to a "50/50" division of the marital estate but were unable to have the property, particularly husband's medical practice, fully evaluated by December 31, 1997.  The parties agreed to a sixty-day period and then agreed to extend the time period to March 31, 1998.

By letter dated December 10, 1997, the trial judge returned a sketch final decree retaining jurisdiction over equitable distribution and indicated to the parties that he would not retain the case for "an equitable distribution hearing" unless it was "clearly necessary."  In the opinion letter of January 5, 2000, the trial judge recited that both parties agreed for the court to retain jurisdiction for a period of time and then agreed to extend such retention until March 31, 1998.  The trial court continued,

> By specifically stating that jurisdiction was retained to a date certain, the court was necessarily saying that after that date, jurisdiction would no longer exist.  The parties knew that.  Why else did they ask the court to enter the March 3 order extending the first retention of jurisdiction?  Once the extension ended, the court lost jurisdiction over the issue of equitable distribution.  It cannot now be revived.

Unquestionably, the trial court intended to limit its jurisdiction to make an equitable distribution award.  Further, the trial court found that the parties knew of the jurisdictional time limitation.  The language of the final decree supports that

finding.  The final decree retains the matter on the docket for a period of sixty days "to perform the equitable distribution of the property of the parties."

Interestingly, wife, in her brief, frames the issue as follows:

> [W]here the court has retained the issue of equitable distribution in the cause for a limited or defined period of time, does the failure to adjudicate the relief within that time and/or the removal of the matter from the docket, cause the court to lose subject matter jurisdiction over the ability to grant equitable distribution of the property of the parties.

While wife contends the orders in question were "merely [orders] addressing the docketing of the case," nothing in the record supports that position.  Removing the case from the docket while complete relief had not been obtained was not the issue.  The parties had difficulty in the evaluation of husband's medical practice.  The purpose of the time limitation was to put both parties on terms to resolve the equitable distribution award in a timely fashion.  Code § 20-107.3 compels the trial court to decide the divorce and property issues contemporaneously.  See Code § 20-107.3.  The 1986 amendment to Code § 20-107.3 only permits bifurcation under a "clear necessity" showing.  See Erickson-Dickson v. Erickson-Dickson, 12 Va. App. 381, 385-86, 404 S.E.2d 388, 391 (1991).  In Erickson-Dickson, we wrote,

> Ostensibly, the 1986 amendment was enacted, among other reasons, to prevent a litigant or the trial court from delaying adjudication of property issues after a final divorce as a means of using economic pressure to compel one or both parties to make a forced settlement of those or other issues, such as support or custody.

<u>Id.</u> at 386, 404 S.E.2d at 391 (citations omitted).

Wife's interpretation of the time limitation does not respond to the trial court's proper concern for a timely resolution of the equitable distribution award. Wife cites Code § 20-121.1 as dispositive of the issue. Code § 20-121.1 states:

> In any suit which has been stricken from the docket, and in which complete relief has not been obtained, upon the motion or application of either party to the original proceedings, the same shall be reinstated upon the docket for such purposes as may be necessary to grant full relief to all parties.

Contrary to wife's assertion, Code § 20-121.1 supports a finding that the time limitation in the final decree was for the purpose of retaining jurisdiction to make an equitable distribution award, not for the purpose of removing the case from the docket. Wife's interpretation of the final decree would remove the case from the docket and allow the parties to reinstate the matter on the docket to litigate the equitable distribution at their leisure. As the trial court said in its opinion letter of January 5, 2000,

> [C]ourt orders must mean something. If jurisdiction was not lost by the court 21 days after March 31, the deadline set out in the March 3 order means absolutely nothing. If parties to litigation, whether unilaterally or in concert, can simply ignore deadlines imposed by courts for filing pleadings and bringing matters on for hearing, such court-imposed deadlines may as well not exist.

We conclude that the language in the final decree retaining jurisdiction "to perform equitable distribution" meant what it said. When the deadline was extended until March 31, 1998, by agreement of both parties, the trial court lost jurisdiction to

adjudicate equitable distribution twenty-one days after March 31, 1998.  See Rule 1:1.  The trial court properly dismissed the case on January 5, 2000.

Additionally, wife maintains the trial court had no authority to limit the time frame in which the parties could address equitable distribution.  This issue is procedurally defaulted under Rule 5A:18.  Wife did not object to the reservation nor did she object to the time limitation.  In fact, the parties requested the time extension.  The order reserving the equitable distribution issue and setting a time limitation and the order extending the limitation were endorsed by wife's counsel without objection.  We have held that failure to object to bifurcation, even where the statutory mandates or findings have not been made, precludes the consideration of the issue on appeal.  See Erickson-Dickson, 12 Va. App. 381, 404 S.E.2d 388.  We find that, because wife agreed to both orders, she cannot now argue the trial court lacked the authority to impose the deadline.  Therefore, we do not address the merits of her argument.

Finally, both parties ask for an award of attorneys' fees and costs related to this appeal.  We find both parties had reasonable grounds for this appeal and, therefore, we deny their respective requests for awards of attorneys' fees.  See Gayler v. Gayler, 20 Va. App. 83, 87, 455 S.E.2d 278, 280 (1995).

For these reasons, we affirm the trial court's dismissal of the suit for lack of jurisdiction and deny the parties' requests for attorneys' fees.

<u>Affirmed.</u>