COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Humphreys
Argued at Chesapeake, Virginia


QUINCY DAMON PHILLIPS

                                   MEMORANDUM OPINION* BY
v.    Record No. 2938-99-1          JUDGE JAMES W. BENTON, JR.
                                        MARCH 6, 2001
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                        Robert W. Curran, Judge

              Bryan L. Saunders for appellant.

              Virginia B. Theisen, Assistant Attorney
              General (Mark L. Earley, Attorney General, on
              brief), for appellee.


     Quincy Damon Phillips, who was convicted of criminal

offenses in 1995, appeals the denial of his motion for a new

trial.  He contends that the precedent of Commonwealth v. Baker,

258 Va. 1, 516 S.E.2d 219 (1999) (per curiam), aff'g 28 Va. App.

306, 504 S.E.2d 394 (1998), mandates the reversal of his

conviction and a new trial because the juvenile and domestic

relations district court did not give notice to his biological

father in the manner required by law.  We agree and reverse the

trial judge's decision.

_____

      * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

I.

In 1995, the Commonwealth filed petitions in juvenile court charging Phillips's, who was then 15 years old, with robbery and attempted robbery. The petitions identified Phillips's father and mother to be Ricky Phillips and Sharon Phillips. The record also indicates that they both signed Phillips's "recognizance" bail form at the line designated "Custodian." Ricky Phillips also signed a "notification of rights" form on the line designated "Parent(s) or Guardian(s)."

When the juvenile court transferred Phillips to the circuit court for trial as an adult, the order noted that both "mother" and "father" were present. In the circuit court, Phillips pled guilty to robbery and attempted robbery. The 1995 conviction and sentencing orders noted that "the defendant's parents, Ricky Phillips and Sharon Phillips, were also present."

In July 1999, Phillips filed the motion for a new trial. The motion alleged that the courts had failed to notify Phillips's "biological parents." At the hearing on the motion, Sharon Phillips testified that she was Phillips's mother and Franklin Allen was Phillips's biological father. She also testified that when the petition against Phillips was served on Ricky Phillips, she and Ricky Phillips were married and had been married since 1984. They had sought to have Ricky Phillips adopt Phillips in 1985 while Ricky Phillips was in the military. When they contacted a military Judge Advocate General officer for

-

assistance, he "guided [them] through it, told [them] a little bit about it and began the paperwork."  After Allen executed the notarized form, Sharon Phillips filed in the circuit court pleadings, which had been prepared by the JAG officer and which she "thought was going to be an adoption."  The 1985 circuit court order, which was filed as an exhibit at the hearing, indicates only that Phillips's name was changed from Quincy Damon Washington to Quincy Damon Phillips.

Sharon Phillips testified further that Allen attended none of the proceedings in juvenile or circuit court in 1995.  She did not know Allen's location and last had contact with Allen in 1985.  She testified, however, that Phillips occasionally visited Allen's parents when he was a child but that she was unaware of any contact he may have had with Allen.

Upon this evidence, the trial judge denied the motion for a new trial.  Phillips appeals.

II.

As a preliminary matter, we address the Commonwealth's contention that the Supreme Court of Virginia has jurisdiction over this appeal.  Relying on Virginia Dep't of Corrections v. Crowley, 227 Va. 254, 263, 316 S.E.2d 439, 443-44 (1984), the Commonwealth argues that this action is civil in nature and that we should transfer it to the Supreme Court.  We disagree with this contention for the reasons stated in Asby v. Commonwealth, 34 Va. App. 217, 539 S.E.2d 742 (2001).

-

III.

Phillips contends that the juvenile court never had proper jurisdiction of this case. Thus, he contends the transfer of the case to the circuit court for trial was void.

At the time of these events in 1995, former Code § 16.1-263 stated in pertinent part as follows:

> A. After a petition is filed, the court shall direct the issuance of summonses, one directed to the juvenile, if the juvenile is twelve or more years of age, and another to the <u>parents</u>, guardian, legal custodian or other person standing in loco parentis, and such other persons as appear to the court to be proper or necessary parties to the proceedings. The summons shall require them to appear personally before the court at the time fixed to answer or testify as to the allegations of the petition. <u>Where the custodian is summoned and such person is not the parent of the juvenile in question, the parent shall also be served with a summons</u>. The court may direct that other proper or necessary parties to the proceedings be notified of the pendency of the case, the charge and the time and place for the hearing.
>
> B. The summons shall advise the parties of their right to counsel as provided in § 16.1-266. A copy of the petition shall accompany each summons for the initial proceedings. The summons shall include notice that in the event that the juvenile is committed to the Department or to a secure local facility, the parent or other person legally obligated to care for and support the juvenile may be required to pay a reasonable sum for support and treatment of the juvenile pursuant to § 16.1-290. Notice of subsequent proceedings shall be provided to all parties in interest. In all cases where a party is represented by counsel and counsel has been provided with a

-

> copy of the petition and due notice as to
> time, date and place of the hearing, such
> action shall be deemed due notice to such
> party, unless such counsel has notified the
> court that he no longer represents such
> party.
>
> \*     \*     \*     \*     \*     \*     \*
>
> E.  No such summons or notification shall be
> required if the judge shall certify on the
> record that the identity of a parent or
> guardian is not reasonably ascertainable.
> An affidavit of the mother that the identity
> of the father is not reasonably
> ascertainable shall be sufficient evidence
> of this fact, provided there is no other
> evidence before the court which would refute
> such an affidavit.

Code § 16.1-263 (emphasis added).  Code § 16.1-264 provided for

service of process by publication if a parent's location could

not be ascertained.

In Baker I, we held that a plain reading of Code § 16.1-263

"manifests legislative intent that both parents be notified and

dispenses with this requirement only when the trial judge has

certified on the record that the identity of a parent is not

reasonably ascertainable."  28 Va. App. at 312, 504 S.E.2d at

394.  The Commonwealth must make a reasonable inquiry to find

the juvenile's parent and effect service of the summons by

publication should that inquiry fail.  Id.  Because we had

previously held that these notice requirements were mandatory

and jurisdictional in nature, see Karim v. Commonwealth, 22 Va.

App. 767, 779, 473 S.E.2d 103, 108-09 (1996), we held in Baker I

that the circuit court proceedings were void and reversed

-

Baker's conviction. 28 Va. App. at 315, 504 S.E.2d at 399. In Baker II, the Supreme Court affirmed those rulings. See 258 Va. at 2, 516 S.E.2d at 219.

Subsequent to Baker, the Supreme Court has had several opportunities to re-visit questions of this nature. In David Moore v. Commonwealth, 259 Va. 431, 527 S.E.2d 406 (2000), the Court reversed the conviction of a defendant whose father was never summoned to appear in juvenile or circuit court. Lack of a timely objection constitutes the primary distinction between the Baker case and David Moore. See 259 Va. at 437, 527 S.E.2d at 409. In David Moore, the Court held that an objection was not necessary because the statutory notice of the initiation of juvenile court proceedings to a juvenile's parent was not subject to waiver. 259 Va. at 440, 527 S.E.2d at 410-11. In doing so, the Court distinguished between "the power of a court to adjudicate a specified class of cases, commonly known as 'subject matter jurisdiction,' and the authority of a court to exercise that power in a particular case." Id. at 437, 527 S.E.2d at 409. A court's authority to exercise its power may be "'restricted by a failure to comply with statutory requirements that are mandatory in nature and, thus, are prerequisite to a court's lawful exercise of jurisdiction.'" Id. (citation omitted). The requirement of notice to both parents was one such mandatory requirement under former Code § 16.1-263. Id. at 438, 527 S.E.2d at 409-10.

-

The juvenile court in Phillips's case never lawfully exercised its subject matter jurisdiction because it failed to notify Allen, who is Phillips's father.  Here, no one, not even Phillips, his mother, his father or his putative father, realized that Ricky Phillips was not Phillips's father within the meaning of then Code § 16.1-263.  Because of that fact, no notice was sent to Allen and the courts did not satisfy the statutory requirements necessary to exercise power in this particular case.  Therefore, the juvenile court could not have transferred this case to the circuit court's jurisdiction. Phillips's conviction is void.

The Commonwealth seeks to create an exception to the law. It argues that the juvenile court made the "reasonable inquiry" mentioned in Baker I and that the court could not possibly have determined that Allen was the real father and notified him of the charges.  The Commonwealth contends that this case differs from David Moore because the courts were not put on notice that the adult appearing with Phillips was only a stepfather. Relying on Erickson-Dickson v. Erickson-Dickson, 12 Va. App. 381, 404 S.E.2d 388 (1991), the Commonwealth argues that once a court has jurisdiction it may not lose that jurisdiction simply because it made an incorrect factual determination necessary to continue exercising its jurisdiction.

In Erickson-Dickson, a circuit judge had awarded a divorce but postponed a decision on equitable distribution until a later

-

date.  Former Code § 20-107.3 required a joint motion of both parties and a finding by the judge that the distribution involved complex matters before the judge could postpone such a decision.  12 Va. App. at 383, 404 S.E.2d at 389.  Although both parties had requested equitable distribution in their original pleadings, they had made no joint motion to postpone that determination and the judge made no finding of sufficient complexity.  Id.  The husband, who did not object at trial to the postponement, argued on appeal that the failure to satisfy the two statutory requirements deprived the court of jurisdiction and, thus, barred equitable distribution.  We disagreed because the issue was not whether the court properly had acquired jurisdiction, but whether it had retained jurisdiction.  Thus, we held that "[w]hen the court has acquired jurisdiction over the parties and the subject matter, and its continued exercise of that jurisdiction requires a ruling which depends upon factual determinations, an error in deciding the facts or the failure to decide them does not render the ruling void or a nullity."  Id. at 388, 404 S.E.2d at 392.

Nevertheless, nothing in Erickson-Dickson suggests that the statutory procedures at issue were "mandatory and jurisdictional."  See Baker I, 28 Va. App. at 310, 504 S.E.2d at 396; Karim, 22 Va. App. at 779, 473 S.E.2d at 108-09 (holding that the provisions "relating to procedures for instituting proceedings against juveniles, are mandatory and

-

jurisdictional").  Furthermore, as the Supreme Court noted in
David Moore, the statutes concerning these procedures "provide
the statutory means by which a circuit court acquires the
authority to exercise its subject matter jurisdiction over a
class of offenses committed by a juvenile that would otherwise
fall within the exclusive original subject matter jurisdiction
of the juvenile court."  259 Va. at 438, 527 S.E.2d at 409.
Thus, it is not simply the jurisdiction of one court that is at
issue in juvenile transfer cases.

> There is no question that when the
> statutory requirements related to the
> juvenile court proceedings are followed, a
> circuit court's subject matter jurisdiction
> over the class of offenses committed by a
> juvenile that are at issue here is invoked.
> It is the unique statutory framework whereby
> a juvenile court and in turn a circuit court
> acquire the authority to exercise their
> subject matter jurisdiction that is at issue
> here and was at issue in a number of our
> prior cases.

259 Va. at 438, 527 S.E.2d at 409 (citations omitted).  The
convictions at issue in this case occurred in the circuit court,
whose authority to exercise its jurisdiction depended on
compliance with the mandatory procedures.  Because that process
was flawed, the circuit court never acquired jurisdiction and
the convictions are void.

The Commonwealth also asks us, in effect, to distinguish
between the conduct of the juvenile court in David Moore and the
conduct in this case and label one of them a factual error that

-

has no effect.  In both cases, however, the juvenile courts failed to give proper notice to a parent of the juvenile defendant.  The fact that the juvenile court in this case believed that it had done so correctly does not change the fact that it failed to fulfill the statutory requirements necessary to exercise jurisdiction.

The Commonwealth argues that Phillips should not be able to benefit from a misrepresentation that Ricky Phillips was his father.  The trial judge noted that Ricky Phillips signed the juvenile court forms at the lines indicated for "Custodian" and "Parent(s) or Guardian(s)."  Neither that evidence nor any other evidence indicates, however, that Phillips, Sharon Phillips, or Ricky Phillips made representations with knowledge of the true facts.  A court may not acquire subject matter jurisdiction and exercise it in a specific case based on the unknowing misrepresentation of a party.  Because of the basic nature of jurisdiction, the fact that the record indicates an unknowing misrepresentation of Phillips's family situation will not alter our decision.

Lastly, the Commonwealth argues that Phillips waived all of his objections by pleading guilty.  A guilty plea waives all non-jurisdictional defects in a court proceeding.  Peyton v. King, 210 Va. 194, 196-97, 169 S.E.2d 569, 571 (1969).  While the David Moore decision distinguished between subject matter jurisdiction and the exercise of subject matter jurisdiction,

-

both issues are "jurisdictional" and a guilty plea does not waive objections to them.

For these reasons, we reverse the ruling of the trial court and remand this case for a new trial.

<u>Reversed and remanded</u>.