COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Retired Judge Duff[*]


JOHN G. MYERS, JR.

                                        MEMORANDUM OPINION[**]
v.    Record No. 1034-01-2                PER CURIAM
                                         OCTOBER 2, 2001
CHRISTINA MYERS


            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                    L. A. Harris, Jr., Judge

          (Andrea R. Stiles; Williams, Mullen, Clark &
          Dobbins, P.C., on briefs), for appellant.

          (Torrence M. Harman; Harman & Harman, P.C.,
          on brief), for appellee.


     John G. Myers, Jr., contends the trial judge erred in

entering qualified domestic relations orders and a domestic

relations order after more than twenty-one days had elapsed from

the expiration of a sixty-day period reserved by the final divorce

decree for entry of the orders.  Upon reviewing the record and

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the decision of the trial

court.  See Rule 5A:27.

_____

        [*] Retired Judge Charles H. Duff took part in the
consideration of this case by designation pursuant to Code
§ 17.1-400(D).

        [**] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## Background

On March 9, 1998, the parties entered into an agreement which contained a specified distribution to the parties of husband's retirement, pension, profit sharing, deferred compensation assets, and IRA account.  In part, Section F of the agreement states that "[t]he parties agree to the following distribution of such assets and they agree to cooperate to facilitate entry of the appropriate Qualified Domestic Relations Orders [QDRO] or such other orders as may be required to give effect to the following distribution . . . ."  Three subparagraphs of Section F specified a precise distribution of each asset.

The parties were divorced by final decree on April 16, 1999, which affirmed, ratified and incorporated the agreement.  The last paragraph of the final divorce decree states:  "This matter is retained on the docket for a period of sixty (60) days for entry of Qualified Domestic Relations Orders(s) [QDROs] to give effect to the provisions of the parties' written Agreement."

On January 11, 2000, the trial judge entered a QDRO transferring fifty percent of the husband's interest in his 401(K) plan to the wife per the agreement.  Husband's counsel endorsed the order without objection.  On March 26, 2001, the trial judge conducted a hearing on the wife's motion to enter orders relating to the husband's retirement plan and IRA account.  At the hearing, the husband argued the trial judge lacked jurisdiction to enter the orders because more than sixty days had elapsed since the

-

entry of the final divorce decree.  The trial judge found that he had jurisdiction to enter the orders because the orders involved "the entry of documents to carry out that award that was agreed upon in the property settlement agreement."  The trial judge entered a QDRO related to the husband's retirement plan and a "Domestic Relations Order to Transfer IRA."  Husband appeals the entry of the orders.

## March 26, 2001 Orders

"Where the court affirms, ratifies and incorporates by reference in its decree [an] agreement or provision thereof, it shall be deemed for all purposes to be a term of the decree, and enforceable in the same manner as any provision of such decree." Code § 20-109.1.  The parties' agreement included specific provisions regarding the division of husband's retirement plan, his 401(K) plan, and his IRA account.  Although the final divorce decree stated that the matter was retained on the docket for sixty days for entry of the orders to give effect to the provisions of the agreement, Code § 20-107.3(K) provides for the continuing jurisdiction of a trial court to enter orders "necessary to effectuate and enforce any order entered pursuant to [that] section."  Such orders include pension, profit sharing, deferred compensation, and retirement benefits "for the purpose of establishing or maintaining the order as a [QDRO]."  Code § 20-107.3(K)(4).

-

The trial judge entered orders "necessary to effectuate and enforce" the final divorce decree, which affirmed, ratified, and incorporated the parties' agreement specifying the division of husband's retirement assets and IRA account.  The entry of these orders involved "purely ministerial acts related to the QDRO." Newsome v. Newsome, 18 Va. App. 22, 26, 441 S.E.2d 346, 348 (1994).  This case is unlike Toomey v. Toomey, 251 Va. 168, 171-72, 465 S.E.2d 838, 839-40 (1996), and Patel v. Patel, 33 Va. App. 776, 783, 537 S.E.2d 11, 15 (2000), where the issue concerned the judge's power to make substantive rulings because the trial judge had not adjudicated any valuation, interest, or entitlement concerning distribution of the property.  This case does not involve the "adjudication" of equitable distribution matters after the expiration of the time limitation established by the trial judge.  Therefore, we hold that the trial judge did not err in entering the March 26, 2001 orders.

## January 11, 2000 Order

The husband failed to object to the trial judge's entry of the QDRO on January 11, 2000 for the 401(K) plan.  "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  Rule 5A:18.  Accordingly, Rule 5A:18 bars our consideration of this question on appeal.  Moreover, the record

-

does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18. This is not an issue of subject matter jurisdiction. "Subject matter jurisdiction is the authority granted to a court by constitution or by statute to adjudicate a class of cases or controversies." Earley v. Landsidle, 257 Va. 365, 371, 514 S.E.2d 153, 156 (1999).

## Attorney's Fees

Both parties request attorney's fees related to this appeal. We decline to award either party attorney's fees. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 479 S.E.2d 98 (1996).

The husband also requests attorney's fees incurred in connection with the litigation and costs in the trial court. "An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Brooks v. Brooks, 27 Va. App. 314, 319, 498 S.E.2d 461, 463-64 (1998). The trial judge did not abuse his discretion in denying the husband's request for attorney's fees.

Accordingly, the trial judge's decision is summarily affirmed.

Affirmed.

-