COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Clements and Senior Judge Annunziata

JERRY LEE MILLER

                                                                    MEMORANDUM OPINION[*]
v.        Record No. 0042-07-4                                      PER CURIAM
                                                                    MAY 22, 2007
RUBY MAE YATES MILLER


                    FROM THE CIRCUIT COURT OF CULPEPER COUNTY
                                    John R. Cullen, Judge

            (Jerry Lee Miller, *pro se*, on brief).

            No brief for appellee.


        Jerry Miller, husband, appeals from the trial court's December 9, 2006 order finding it had

no jurisdiction to reopen the divorce proceedings in order to equitably distribute the parties'

marital property.  Upon reviewing the record and opening brief, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule

5A:27.

                                        BACKGROUND

        On May 3, 2006 and June 6, 2006, respectively, appellant filed a bill of complaint and an

amended bill of complaint seeking a divorce from Ruby Mae Yates Miller.

        On August 9, 2006, the trial court entered a final decree granting husband a divorce *a

vinculo matrimonii* from wife upon the ground of having lived separate and apart for the required

period of time.  In the decree, the trial court noted, among other things, "there is marital property

between the parties requiring equitable distribution to be adjudicated in a later proceeding."

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On October 20, 2006, more than two months after entry of the final decree, husband filed a "Motion to Reopen Divorce Proceedings for Equitable Distribution of Property."

On December 9, 2006, the trial court entered an order denying the motion because "the Final Decree . . . entered on August 9, 2006, divorcing the parties . . . did NOT retain jurisdiction in said Final Decree to adjudicate equitable distribution of marital property pursuant to Virginia Code Section 20-107.3A."

On December 21, 2006, husband filed a motion for reconsideration, citing language from Erickson-Dickson v. Erickson-Dickson, 12 Va. App. 381, 404 S.E.2d 388 (1991). On January 4, 2007, husband filed another motion objecting to the trial court's December 9, 2006 decision and its "refusal to address the motion to reconsider the Motion to Reopen the Proceedings for Equitable Distribution filed on December [21], 2006, when said motion set forth substantive grounds for relief."

By order entered January 9, 2007, the trial court denied the "Motion to Reconsider Motion to Reopen Proceedings." It provided the following explanation:

> The Final Decree, although reciting the existence of marital property requiring adjudication at a later date, did not provide by order for the Court to retain jurisdiction of the proceeding for that purpose; rather, the Final Decree provided for the granting of a divorce, with nothing further to be done, and striking the case from the active docket and filing the same with the ended causes.

### DISCUSSION

"Code § 20-107.3 compels the trial court to decide the divorce and property issues contemporaneously." Patel v. Patel, 33 Va. App. 776, 782, 537 S.E.2d 11, 14 (2000). However, the statute authorizes the trial court to retain jurisdiction to distribute marital property "on the motion of either party . . . when the court determines that such action is clearly necessary." Code § 20-107.3.

The case upon which appellant relies is inapposite and does not support his argument. In Erickson-Dickson, 12 Va. App. at 383, 404 S.E.2d at 389, the trial court "granted a divorce and retained jurisdiction to consider the equitable distribution issues without a joint motion of the parties and without a determination that such action was clearly necessary." Because the husband in that case failed to timely object to the trial court's ruling or its failure to make the required findings of fact, we found the trial court's ruling valid. Id. at 390, 404 S.E.2d at 393 (holding that "the ruling to retain jurisdiction, although based upon erroneous findings that the parties had jointly made a motion to do so and that a clear necessity existed because the property interests were complex, was nevertheless, a ruling which the court had the power to make").

Here, neither party requested that the trial court retain jurisdiction over equitable distribution, husband failed to timely request an equitable distribution hearing during the twenty-one-day period following entry of the decree during which the trial court retained jurisdiction over the case and, unlike the facts in Erickson-Dickson, the trial court never retained jurisdiction in its final decree. By the time husband requested such a hearing, the trial court no longer retained jurisdiction over the case. Rule 1:1. Accordingly, the judgment of the trial court is summarily affirmed.

Affirmed.