COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judge Humphreys and Senior Judge Willis
Argued at Alexandria, Virginia


CARMEN H. MINA

                                                          OPINION BY
v.       Record No. 1756-04-4                    JUDGE ROBERT J. HUMPHREYS
                                                         MARCH 1, 2005
MARK T. MINA


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                              Gaylord L. Finch, Jr., Judge

              Richard P. Buzan (Richard P. Buzan, P.C., on brief), for appellant.

              Benjamin M. Smith, III (The Duff Law Firm, P.C., on brief), for
              appellee.


       The sole issue presented in this appeal is whether the trial court, after expressly reserving

ruling on a party's request for attorney's fees, loses jurisdiction over the issue of attorney's fees

twenty-one days after entry of the order adjudicating the merits of the claim upon which the

request for attorney's fees is based.  Under the circumstances of this case, we hold that it does

not.  Accordingly, we remand this case to the circuit court with direction to entertain the merits

of appellant's motion for an award of attorney's fees and costs.

                                    I.  BACKGROUND

       The relevant facts are not in dispute.  Appellant Carmen Mina ("wife") and appellee

Mark Mina ("husband") were divorced by final decree dated June 30, 2000.  Along with the

divorce decree and settlement agreement, the trial court entered a consent order, titled "Order for

Future Distribution of Retirement Pay."

       On October 31, 2003, husband filed a "Motion to Vacate Order for Future Distribution of

Retirement Pay."  On February 12, 2004, the trial court conducted an *ore tenus* hearing on the

merits of the motion to vacate. After wife presented her evidence on the merits, she asked the court to bifurcate the hearing, reserving for a later date the arguments and evidence relating to the parties' respective requests for attorney's fees. Husband did not object, instead noting that "both parties reserve the issue of fees for a later date." The trial court therefore bifurcated the hearing and, as a result, did not hear any evidence or argument relating to either party's attorney's fees. At the conclusion of the hearing on the merits, the trial court stated that it would be "prepared to rule" on March 12, 2004.

On February 18, 2004, before the court had ruled on the merits of the motion to vacate, husband filed an "Amended Motion to Vacate Order for Future Distribution of Retirement Pay." In the amended motion to vacate, husband notes that, "[s]ince the court has bifurcated the issue of attorney fees, [husband] reserves the right to seek and request the same at appropriate time."

On March 12, 2004, after conducting another *ore tenus* hearing, the trial court issued a written order denying the motion to vacate. The order provides that "the parties may present evidence in support of their requests for attorney's fees on Friday Motion's docket before the Honorable Gaylord L. Finch, Jr."[1] The written order contains no language directing the case to be stricken from the docket.

On June 4, 2004, wife filed a motion seeking an award of the attorney's fees and costs she incurred while opposing the motion to vacate. During the subsequent hearing on wife's motion, husband argued that the court lacked jurisdiction over the issue of attorney's fees because wife did not file her motion within twenty-one days after issuance of the order denying the motion to vacate. Wife, in contrast, argued that "the order entered by the Court allowed . . .

---

[1] The trial court also advised the parties during the hearing that "the motion for attorney fees can be set for another Friday on [the court's] docket if the parties wish to present oral argument on the matter."

either party to file a motion for attorneys' fees and present evidence at a later date," noting that "the Court has inherent authority to reserve the issue of attorneys' fees notwithstanding the entry of a final [decree]."

By order dated July 2, 2004, the trial court denied wife's motion. The court's written order merely provides that, "upon consideration of the pleadings filed herein, the evidence presented, and the argument of counsel for the parties; it is hereby adjudged, ordered and decreed that [wife's] Motion for Attorney's Fees and Costs is Denied." At the conclusion of the hearing, however, the trial court informed the parties that it was denying the motion because, pursuant to Rule 1:1, "the Court no longer has jurisdiction to award attorney fees in this matter." Wife appeals.

## II. ANALYSIS

On appeal, wife argues that, "[t]hrough its bifurcation of the consideration of the parties' claims for attorney's fees and costs, the trial court reserved jurisdiction to consider these claims." Wife also argues that the March 12 order is not a final order because it "did not dispose of the whole subject before it and did not provide relief on all issues before it." Thus, wife concludes that the trial court "erred in finding that it did not have jurisdiction to consider [her] Motion for Attorney's Fees and Costs." Because we agree that the March 12 order is not a final order for purposes of Rule 1:1, we remand this case to the circuit court with direction to entertain the merits of wife's motion for attorney's fees and costs.

Rule 1:1 provides, in pertinent part, that "[a]ll final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Generally, "a final order for purposes of Rule 1:1 'is one which disposes of the whole subject, gives all the relief contemplated, provides with reasonable completeness for giving effect to the

sentence, and leaves nothing to be done in the cause save to superintend ministerially the execution of the order.'" James v. James, 263 Va. 474, 481, 562 S.E.2d 133, 137 (2002) (quoting Daniels v. Truck & Equip. Corp., 205 Va. 579, 585, 139 S.E.2d 31, 35 (1964)); see also Burns v. Equitable Assocs., 220 Va. 1020, 1028, 265 S.E.2d 737, 742 (1980); Estate of Hackler v. Hackler, 44 Va. App. 51, 61, 602 S.E.2d 426, 431 (2004). Thus, as noted by the Virginia Supreme Court, an order that "retains jurisdiction to reconsider the judgment or to address other matters still pending" is not a final order under Rule 1:1 and does not commence the running of the 21-day period. Super Fresh Food Mkts. of Va., Inc. v. Ruffin, 263 Va. 555, 561, 561 S.E.2d 734, 737 (2002).

Here, the March 12 order did not "dispose of the whole subject" or grant all "relief contemplated" by the parties. Both parties raised the issue of attorney's fees prior to the issuance of the March 12 order by expressly including a request for attorney's fees and costs in their prayers for relief. The trial court bifurcated the underlying hearing on the merits and informed the parties that it would hear arguments relating to attorney's fees *after* reaching a ruling on the merits. Thus, in its order denying the motion to vacate, the court indicated that the parties "may" present their arguments for attorney's fees and costs at a later date.[2] Because the March 12 order does not "dispose" of the issue of attorney's fees – "relief contemplated" by both parties prior to issuance of the order – the order is not a final order for purposes of Rule 1:1. See Estate of Hackler, 44 Va. App. at 61, 602 S.E.2d at 431 (holding that an order was not final where the

---

[2] In Patel v. Patel, 33 Va. App. 776, 537 S.E.2d 11 (2000), the trial court bifurcated a divorce proceeding, reserving ruling on the issue of equitable distribution and retaining the case on its docket "until March 31, 1998." We held that the court lost jurisdiction over the issue of equitable distribution twenty-one days after March 31, reasoning that the trial court only extended its jurisdiction over the bifurcated issue for the limited period specified in its order. See id. at 783, 537 S.E.2d at 15. Here, however, the court did not set a deadline, merely indicating that the parties could present their arguments at some unspecified date in the future.

"order stated that the court would end the cause after [a] final accounting was reviewed and approved," but "did not say that the cause was ended," reasoning that "[t]his language indicates that the trial court considered that the cause was still open"). And, because the March 12 order was not a final order, the trial court had jurisdiction to hear wife's motion for attorney's fees even though twenty-one days had elapsed since entry of the order resolving the merits of the underlying motion to vacate. Cf. Vokes v. Vokes, 28 Va. App. 349, 358-59, 504 S.E.2d 865, 870 (1998) (vacating award of attorney's fees that was based entirely on the denial of a motion to reconsider, where the order denying the motion to reconsider was entered more than twenty-one days after entry of final judgment and, therefore, "the trial court was without jurisdiction when it adjudicated [the motion to reconsider]").[3]

"An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). However, "[a]n abuse of discretion can be found if the trial court uses an improper legal standard in exercising its discretionary function," Congdon v. Congdon, 40 Va. App. 255, 262, 578 S.E.2d 833, 836 (2003), because "a trial court 'by definition abuses its discretion when it makes an error of law,'" Shooltz v. Shooltz, 27 Va. App. 264, 271, 498 S.E.2d 437, 441 (1998) (quoting Koon v. United States, 518 U.S. 81, 100 (1996)).

---

[3] Generally, a motion for sanctions must be made within twenty-one days after issuance of the order disposing of the merits of the underlying action. See Smith v. Stanaway, 242 Va. 286, 289-90, 410 S.E.2d 610, 612 (1991) (reversing award of sanctions where motion for sanctions was made seven days after entry of final order but court did not award sanctions until more than twenty-one days after entry of the final order); Murray v. Hadid, 238 Va. 722, 733, 385 S.E.2d 898, 905 (1989) (approving denial of sanctions where the motion for sanctions was heard twenty-five days after issuance of the final order, reasoning that "after twenty-one days elapsed, the trial court no longer had jurisdiction over the matter"). A request for attorney's fees and costs is analogous to a motion for sanctions. However, Smith and Murray are distinguishable because, in both cases, neither party had requested sanctions prior to the issuance of the final order, nor did the final order expressly reserve ruling on the issue.

Because the trial court improperly concluded that it lacked jurisdiction over the issue of attorney's fees, it abused its discretion as a matter of law.  Accordingly, we reverse the order denying wife's motion for attorney's fees and costs, and we remand this case to the circuit court with direction to entertain the merits of her motion.

<u>Reversed and remanded.</u>