COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Haley and Petty
Argued at Alexandria, Virginia


JEFFREY MICHAEL FADNESS

                                                MEMORANDUM OPINION* BY
v.        Record No. 0766-06-4                  JUDGE WILLIAM G. PETTY
                                                SEPTEMBER 4, 2007

LYNETTE THOMPSON FADNESS


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                            Stanley P. Klein, Judge

              Elaine M. Vadas (Ilona Ely Freedman Grenadier; Charles
              Anderson; Steven Simpson; Arlene Starace; Ben Duffett; John
              Winkler; Lisa Levi; Heather Jenquine; Jennifer LaFon; Grenadier,
              Anderson, Simpson, Starace & Duffett, P.C., on briefs), for
              appellant.

              David J. McClure (Bredimus & McClure, P.C., on brief), for
              appellee.


       Jeffrey Michael Fadness (husband) appeals a divorce decree entered by the trial court.[1] For

reasons that follow, we determine that the decree is neither a final order nor an interlocutory order

that adjudicates the principles of the cause; therefore, we dismiss the appeal.

                                    I. BACKGROUND

       Husband and Lynette Thompson Fadness (wife) married in 1980.  Wife filed a bill of

complaint for divorce on March 19, 2004.  Husband filed an answer and later was granted leave

_____

              * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

       [1] Husband also appealed the trial court's March 13, 2006 order appointing a
commissioner of sale; however, he did not present any questions on appeal specifically related to
this order.  Further, husband failed to provide appropriate citations, legal argument, and authority
in support of the arguments he raised concerning this order in his briefs; therefore, we determine
it does not merit appellate review. See Rule 5A:20.

to file a cross-bill of complaint for divorce. Both complaints requested that the trial court divide the marital property and award attorney's fees to the respective parties.

At the final divorce hearing, wife's attorney informed the trial court that wife had recently sold furniture and other belongings that she had taken from the marital homes and kept in storage units. She had purportedly sold the personal property for $20,000, despite its much greater estimated value[2] and a standing order that prohibited her from doing so. Following additional discovery, a dispute arose concerning whether wife had in fact disposed of all, or possibly only portions, of the personal property. Therefore, the trial court determined that additional proceedings would be necessary to decide what personal property remained and the value of that property, as well as proceedings to determine what personal property had purportedly been sold and the value of that property. The parties discussed resolving this issue through arbitration, and the trial court summarized the discussion as follows:

> What you all agreed to do is to have that [personal property issue] determined by an arbitrator instead of having to have that to be determined by the Court, and it included whatever property may have disappeared.

While arbitration was discussed during the proceedings, the parties did not present the trial court with a written arbitration agreement, nor was the trial court made aware of the specific terms of the arbitration agreement. See Code § 8.01-581.01. Finally, neither the trial court nor counsel for the parties ever explicitly stated that the arbitration results would be binding on both parties.

After additional discovery was conducted, and before the trial court entered its final decree, another hearing was held on January 27, 2006, to determine whether an order should be entered enjoining the parties from disposing, transferring, or conveying the personal property

---

[2] Husband estimated that the personal property was valued in excess of $100,000.

until a hearing was held.  After hearing from husband's attorney on the issue of the personal

property, the trial court explained,

> I'm going to reserve jurisdiction to consider a request for
> attorney's fees and for other costs incident to this.  Because if it
> turns out that [wife] has misrepresented this entire thing and
> created this entire situation, then she's going to wind up paying
> [husband's] attorney's fees that have been incurred as a result of
> that.

On February 28, 2006, the trial court entered a final decree of divorce on the grounds that

the parties lived separate and apart, continuously and uninterrupted, without any cohabitation, for

a period in excess of one year.  The trial court equitably distributed the couple's real property

and ordered that husband pay wife monthly spousal support of $2,750 effective November 1,

2005.  Concerning the tangible personal property, the decree further ordered:

> This matter shall be arbitrated by the Honorable Judge Paul
> Sheridan and the parties shall equally pay for the costs of his
> services.  However, it is the award of this Court that the tangible
> personal property (or the value thereof) shall be divided 52% to
> [husband] and 48% to [wife].  (See attachment A for lists of
> property to be the subject of arbitration, whether removed and/or
> sold by the [wife] or still in either residence).
>
> \* \* \* \* \* \* \*
>
> The Court retains jurisdiction to address attorney's fees requests
> regarding the personal property issues that are the subject of the
> agreed arbitration.[3]

Husband then noted this appeal.  Initially, neither party  addressed whether the decree

was an appealable order pursuant to Code § 17.1-405.  Prior to oral argument, however, we

directed counsel to be prepared to address whether it was in fact a final order.

---

[3] Even though the trial court had already ruled to reserve jurisdiction on the issue of awarding attorney's fees at the January 2006 hearing, husband filed an "Emergency Motion Regarding Personal Property" in February 2006, asking that wife "be compelled to pay all [husband's] costs, fees, and legal expenses, related to the issue of the parties' personal property, furniture, and furnishings, including but not limited to the ongoing storage lease expenses, appraiser fees, arbitrator fees, [husband's] legal fees, etc.[]."

## II. ANALYSIS

The Court of Appeals of Virginia has subject matter jurisdiction over "any final judgment, order, or decree of a circuit court involving . . . divorce; spousal or child support; [and] any interlocutory decree . . . entered in [such] cases . . . adjudicating the principles of a cause." Code § 17.1-405(3)(b)&(d); (4)(ii). "Unless a statute confers subject matter jurisdiction to that court over a class of appeals, the Court of Appeals is without authority to review an appeal." Lewis v. Lewis, 271 Va. 520, 524, 628 S.E.2d 314, 316-17 (2006) (citing Canova Elec. Contracting, Inc. v. LMI Ins. Co., 22 Va. App. 595, 599, 471 S.E.2d 827, 829 (1996) ("The Court of Appeals of Virginia is a court of limited jurisdiction.")). Therefore, the issue we must first decide is whether the decree is an appealable order over which we have subject matter jurisdiction.

### The Decree is Not a Final Order

A final order or decree is one "'which disposes of the whole subject, gives all the relief that is contemplated, and leaves nothing to be done by the court.'" Erikson v. Erikson, 19 Va. App. 389, 390, 451 S.E.2d 711, 712 (1994) (quoting Southwest Va. Hosps. v. Lipps, 193 Va. 191, 193, 68 S.E.2d 82, 83-84 (1951)). Stated differently, an order that "retains jurisdiction to reconsider the judgment or to address other matters still pending" is not a final order. Super Fresh Food Mkts of Va., Inc. v. Ruffin, 263 Va. 555, 561, 561 S.E.2d 734, 737 (2002).

We have recently had occasion to consider a similar question. In Mina v. Mina, 45 Va. App. 215, 217, 609 S.E.2d 622, 624 (2005), we held that a trial court's decision to expressly reserve ruling on a party's request for attorney's fees in an order adjudicating the merits of the claim upon which the request for attorney's fees was based was not a final order for purposes of appeal.

- 4 -

There, the trial court conducted a hearing on a motion to vacate an order for future distribution of retirement pay.  Id. at 218, 609 S.E.2d at 624.  At the hearing, the trial court bifurcated proceedings and "reserved for a later date the arguments and evidence relating to the parties' respective requests for attorney's fees."  Id.  Following another hearing, the trial court entered an order that adjudicated the merits of the motion to vacate and provided that "the parties may present evidence in support of their request for attorney's fees . . . ."  Id.  At a subsequent proceeding, however, the trial court denied wife's request for attorney's fees ruling that it "'no longer [had] jurisdiction to award attorney fees in this matter'" due to the constraints of Rule 1:1.  Id. at 219, 609 S.E.2d at 624.

On appeal, however, our Court determined that the merits order was not a final order because it "did not dispose of the whole subject or grant all relief contemplated by the parties."  Id. at 220, 609 S.E.2d at 625 (internal quotation marks omitted).  The order only addressed the motion to vacate and provided that the parties would have additional time to present arguments concerning their claims for attorney's fees.  Therefore, we held that because the merits order did not "'dispose' of the issue of attorney's fees — 'relief contemplated' by [the] parties prior to issuance of the order — the order is not a final order . . . ."  Id. at 221, 609 S.E.2d at 625.

In the case before us, the trial court retained jurisdiction to "address the attorney's fees requests regarding the personal property issues that are the subject of the agreed arbitration."  Thus, when the trial court entered the decree, the parties clearly anticipated the necessity of returning to the trial court after arbitration to litigate the issue of attorney's fees.  The resolution of this issue required that the arbitration proceedings be fully concluded and all pending equitable distribution matters resolved.  The trial court could then rely upon the factual findings made during those proceedings in determining whether to award attorney's fees to husband if he

- 5 -

proved that wife had concealed the marital personal property or engaged in other misconduct such as making misrepresentations to the trial court.[4]

Consequently, because other issues remained pending before the trial court, we conclude that the February decree is not a final order for purposes of appeal. Mina, 45 Va. App. at 220, 609 S.E.2d at 625. The February decree failed to "dispose of the whole subject" or "give all the relief that [was] contemplated" and "leave[] nothing to be done by the court." Erikson, 19 Va. App. at 390, 451 S.E.2d at 712.

### The Decree is Not an Interlocutory Order that Adjudicates the Principles of the Cause

Our Court's jurisdiction over appeals from interlocutory decrees is limited by statute. To be an appealable interlocutory decree, Code § 17.1-405 requires that the decree "adjudicat[e] the principles of a cause." We have explained this principle in the following manner:

> For an interlocutory decree to adjudicate the principles of a cause, the decision must be such that the rules or methods by which the rights of the parties are to be finally worked out have been so far determined that it is only necessary to apply those rules or methods to the facts of the case in order to ascertain the relative rights of the parties, with regard to the subject matter of the suit.

Erikson, 19 Va. App. at 391, 451 S.E.2d at 712 (quoting Pinkard v. Pinkard, 12 Va. App. 848, 851, 407 S.E.2d 339, 341 (1991)) (internal quotations marks omitted); see also Lewis, 271 Va. at 526, 628 S.E.2d at 317 (interpreting the phrase as "refer[ring] to principles which affect the subject matter of the litigation and the rules by which the rights of the parties to the suit are to be finally determined" (internal quotation marks and citations omitted)).

As referenced above, the trial court's decree ordered that the personal property issue would be arbitrated. The purpose of the arbitration was to determine the location and value of

---

[4] When asked at oral argument if an order on attorney's fees arising from these proceedings would be appealable, counsel for husband argued that it would be an appealable order.

the parties' furniture. While the final order purported to award 52% of the property to the husband and 48% to the wife, Code § 20-107.3(A) requires that the trial court value the property before it is divided, not after. Marion v. Marion, 11 Va. App. 659, 665, 401 S.E.2d 432, 436 (1991). Accordingly, at a minimum, the trial court would have to consider the arbitrator's determination of value before it could finally divide the property. See Horn v. Horn, 28 Va. App. 688, 693, 508 S.E.2d 347, 350 (1998) (citing Erikson, 19 Va. App. at 391, 451 S.E.2d at 713) (holding that a decree that does not value and determine the manner of distribution of assets does not adjudicate the principles of the cause). [5]

It is clear that the final distribution of the personal property as well as the resolution of the attorney's fees issue was dependent on the outcome of the arbitration hearing, a proceeding that had yet to begin when the decree was entered. Accordingly, we conclude that the decree fails to satisfy the requirement that the "rules or methods by which the rights of the parties are to be finally worked out have been so far determined that it is only necessary to apply those rules or methods to the facts of the case in order to ascertain the relative rights of the parties . . . ." Erikson, 19 Va. App. at 391, 451 S.E.2d at 712 (quoting Pinkard, 12 Va. App. at 851, 407 S.E.2d at 341) (internal quotations marks omitted). Therefore, this order does not adjudicate the principles of the cause; hence, we do not have jurisdiction to consider this appeal.

---

[5] Because the value of the parties' personal property had not been determined at the time of the final decree, it is conceivable that spousal support could be affected by any income attributable to the equitable distribution assets. Kaufman v. Kaufman, 7 Va. App. 488, 493-94, 375 S.E.2d 374, 377 (1988) (finding reversible error when prior to equitable distribution, the trial court entered a final order requiring husband to pay spousal support without considering the income which may result from any equitable distribution award).

### III. CONCLUSION

Having concluded that the divorce decree is neither a final order nor an interlocutory order that adjudicates the principles of the cause, we therefore lack jurisdiction to consider the appeal.

<u>Dismissed.</u>