COURT OF APPEALS OF VIRGINIA

Present:   Judges Clements, Kelsey and Beales
Argued at Richmond, Virginia

MARK DAVID ANDERSEN

                                                MEMORANDUM OPINION[*] BY
v.        Record No. 0224-08-4                  JUDGE D. ARTHUR KELSEY
                                                  DECEMBER 2, 2008

VICKI JEAN ANDERSEN

                 FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                              R. Terrence Ney, Judge

             Emilia Castillo (Law Office of Emilia Castillo, P.C., on
             brief), for appellant.

             Peter M. Fitzner (Matthews, Snider & Fitzner, on brief), for
             appellee.


        On appeal, Mark David Andersen ("husband") contends the trial court entered offset

orders in this divorce proceeding after the court lost jurisdiction over the case under Rule 1:1.

He also argues the trial court, even if it had jurisdiction to issue the orders, erroneously failed to

consider tax consequences associated with the offset.  We hold the trial court had jurisdiction to

issue the offset orders.  We cannot judge whether the court erred on the merits, however, because

husband did not provide a transcript or statement of facts necessary for us to review that issue.

                                              I.

        On July 24, 2007, the trial court entered a "Final Decree of Divorce" granting husband a

no-fault divorce, ordering him to pay child and spousal support, establishing custody and

visitation for the children, and equitably distributing marital property.  The decree included two

alternative paragraphs, each numbered 7(a).  When the parties presented the decree to the trial

court for entry, they requested that the court choose one of the two competing paragraphs.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Husband requested the first paragraph, while wife requested the second. The court crossed out

the first paragraph and entered the decree adopting the second paragraph. Referring to husband

as "plaintiff" and wife as "defendant," the two paragraphs appear in the decree as follows:

> a. ~~The Plaintiff is granted $115,000.00 for his share of the marital home presently occupied by the Defendant and the Defendant is granted the rest and remainder of the value of that home. Should the Defendant choose to buy out the Plaintiff's interest in the home, and remove him from the liability on that home, she shall have 60 days upon which to do so; otherwise, the Plaintiff is entitled to his monetary share immediately.~~

> a. *The Defendant shall assume the existing mortgage obligation on the former marital property and shall be responsible for timely making of all the payments due thereon. The Defendant shall buy-out the Plaintiff's interest in the property within 180 days following the entry of this decree, either in cash, or by an [agreed] offset of other funds due to the parties pursuant to their stipulation. In the event that the parties are unable to agree on an offset within 30 days after entry of this decree, they will contract [sic] the trial judge in order to schedule a time and method of presenting their respective positions regarding suggested offset to the trial judge for his determination.*

Final Decree of Divorce ¶¶ 7(a) (formatting and "[agreed]" brackets in original). No other

provisions of the decree address the disposition of the marital home. At the end of the decree

appears, in upper case, the declaration: "AND THIS MATTER IS ENDED."

On November 1, 2007, wife filed a "Motion to Determine Offset" alleging that she could

not buy out husband's interest in cash and the parties could not agree on an appropriate offset to

compensate husband for his share of the marital home. In reply, husband asserted the trial court

lost jurisdiction over the final decree under Rule 1:1 and did not reacquire jurisdiction under

Code § 20-107.3(K).

The trial court disagreed with husband's jurisdictional objection and addressed the

motion for an offset on the merits. Noting that "evidence was presented and the matter argued,"

the court's written order granted husband a $115,000 interest in the marital home and ordered an

offset against wife's interest in retirement accounts, which had been previously divided equally between the parties.  See Order at 1 (Nov. 9, 2007).  The court held that the "funds used as an offset will be reduced by 43% to take into account the tax consequences of a conversion."  Id.  Wife objected to the offset reduction, claiming husband failed to present evidence establishing a reasonable likelihood of tax liability.

Wife moved the court to reconsider its offset order.  Citing Owens v. Owens, 41 Va. App. 844, 589 S.E.2d 488 (2003), wife argued that husband failed to shoulder his burden of proving the likelihood or the extent of any potential tax consequences.  "In the instant case," wife argued,

> no evidence was presented as to [husband's] intention to liquidate the [retirement] account in the event he retained a greater portion of it as an offset against the $115,000 [wife] owes him pursuant to the divorce decree.  [Husband] may choose to keep the account intact until after he attains the age of 59.5, thereby eliminating the 10% tax penalty for early withdrawal.  He may defer withdrawals until after he retires and has a lower tax rate, or he may borrow against the plan, incurring no current tax liability.  To assume a 43% tax rate assumes an immediate liquidation by [husband] of the entire account.  This is not supported by the evidence and is speculative.

Motion to Reconsider at 2-3.  Finding wife's argument persuasive, the trial court reconsidered its earlier ruling and entered an order calculating the offset without any reduction for potential tax consequences.  Husband filed a notice of appeal but failed to timely file either a transcript of the evidentiary hearing or a statement of facts pursuant to Rule 5A:8.

II.

A.  RULE 1:1 & THE FINALITY OF FINAL DIVORCE DECREES

On appeal, husband argues the trial court exceeded its jurisdiction by entering the offset orders after the expiration of the twenty-one-day limitation of Rule 1:1.  He adds that Code § 20-107.3(K), which grants continuing jurisdiction to "effectuate and enforce" a final divorce decree, does not apply because the offset orders substantially changed the terms of the final

decree. Our analysis begins and ends, however, with husband's first premise — that the order captioned "Final Decree of Divorce" was in fact a final order.

A final order is one "'which disposes of the whole subject, gives all the relief that is contemplated, and leaves nothing to be done by the court,'" Erikson v. Erikson, 19 Va. App. 389, 390, 451 S.E.2d 711, 712 (1994) (citation omitted), except to "superintend ministerially the execution of the order,'" Mina v. Mina, 45 Va. App. 215, 220, 609 S.E.2d 622, 625 (2005) (citation omitted)). An order that "retains jurisdiction to reconsider the judgment or to address other matters still pending" is not a final order. Prizzia v. Prizzia, 45 Va. App. 280, 285, 610 S.E.2d 326, 329 (2005) (citation omitted). It does not matter that the order declares itself to be final; it must be so in fact. See Estate of Hackler v. Hackler, 44 Va. App. 51, 61-62, 602 S.E.2d 426, 431 (2004) (holding "document labeled 'Final Order'" was not a final order).[1]

Here, the "Final Decree of Divorce" presented by the parties to the trial court did not dispose of the whole subject, give all the relief requested, and leave nothing to be done by the court. To be sure, the decree did not establish the value of husband's share of the marital residence. The clause purporting to do so had been struck by the court. No other provision in the decree addressed the subject.[2] The $115,000 value of the husband's share of the marital residence appears for the first time in the *post*-final-decree order entered on November 9, 2007.

---

[1] See also Dove v. May, 201 Va. 761, 763, 764, 113 S.E.2d 840, 841, 842 (1960) (holding order that recited it "be deemed a final order from which an appeal can be taken" was "not a final order"); Stiles v. Stiles, 48 Va. App. 449, 454, 632 S.E.2d 607, 609-10 (2006) (holding that "[w]hile the court's order was captioned 'Final Order,'" it was "not a final judgment"); Commonwealth v. Lancaster, 45 Va. App. 723, 732, 613 S.E.2d 828, 832 (2005) (holding that "[d]espite its title as the 'Final Order,' the order entered in this proceeding was not a 'final decision'").

[2] The record does not reflect any motion by either party, either in the trial court or before us, seeking to characterize this omission as a "clerical error" under Code § 8.01-428(B).

The earlier "Final Decree of Divorce" could hardly be final with such a significant omission.[3] The trial court, therefore, did not violate Rule 1:1 by entering post-decree offset orders establishing the husband's share of the marital home and offsetting this award against wife's interest in the retirement accounts.[4]

## B. CALCULATING OFFSET & CONSIDERING TAX CONSEQUENCES

Even if the trial court had jurisdiction to enter the offset orders, husband argues, the court "(1) lacked sufficient information regarding the present day value of the funds in the retirement account to effectively use it to offset a monetary award and (2) in ordering an offset of funds awarded to [wife] in satisfaction of a monetary award, the court should have considered the applicable factors enumerated in § 20-107.3(E), specifically the tax consequences that would arise as a result of this offset." Appellant's Br. at 13.

We cannot address husband's argument. The trial court took evidence on these issues, and no transcript or statement of facts reveals what that evidence was. "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b). Virginia courts have "many times pointed out that on appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred

---

[3] Husband points out that the $115,000 valuation comes from an earlier stipulation agreed to by the parties. The issue before us, however, is not whether the valuation is correct but whether the ostensibly final decree expressly accepted it as correct.

[4] Given our holding, we need not address whether paragraph 7(a)'s procedure for determining the offset likewise upset the assumed finality of the divorce decree. Nor do we answer the related question whether the trial court had authority under Code § 20-107.3(K) to enter the contested orders. See generally Kirby v. Commonwealth, 50 Va. App. 691, 702 n.2, 653 S.E.2d 600, 693 n.2 (2007) ("In this case, as in all others, we seek to decide cases 'on the best and narrowest ground available' from the record." (citations omitted)).

in the respect complained of. If the appellant fails to do this, the judgment will be affirmed." Crawley v. Ford, 43 Va. App. 308, 315, 597 S.E.2d 264, 268 (2004) (citations omitted). Few principles of appellate review are better known or more consistently applied.[5]

Husband argues no evidence could affect the validity or invalidity of the trial court order. We do not see how this could be. Husband claims on appeal the trial court "lacked sufficient information" to calculate the offset and should have considered the specific monetary impact of potential tax liability. Appellant's Br. at 13. In response, wife argues (as she did in her motion to reconsider in the trial court) that husband "failed to produce evidence that he would incur an actual tax liability, and what the amount of that liability would be." Appellee's Br. at 6. Both assertions depend heavily on the nature and weight of the specific evidence presented to the trial court. "Without evidence in the record to support a calculation of any anticipated or potential tax consequences," wife correctly argues, we have nothing to review. Id.

III.

The trial court did not exceed its jurisdiction by entering the offset orders. The ostensibly "Final Decree of Divorce" was not final because it omitted any ruling on the valuation of husband's interest in the marital home. We cannot decide whether the trial court misapplied the offset, however, because husband failed to timely file a transcript or a statement of facts addressing the evidentiary basis underlying the issue.

Affirmed.

---

[5] See, e.g., Commonwealth v. Williams, 262 Va. 661, 669, 553 S.E.2d 760, 764 (2001); Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961); Riddick v. Commonwealth, 135 Va. 724, 726, 115 S.E. 523, 524 (1923); Mattaponi Indian Tribe v. Marine Res. Comm'n, 45 Va. App. 208, 214 n.4, 609 S.E.2d 619, 622 n.4 (2005); Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (en banc); Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991).