COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Chief Judge Decker, Judges Ortiz and Causey
Argued at Fairfax, Virginia


SUZANNE MARIE SCHILLMOELLER

MEMORANDUM OPINION* BY
v.       Record No. 1165-21-4       JUDGE DORIS HENDERSON CAUSEY
FEBRUARY 14, 2023
ANDREW RYAN YOUNKLE


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Richard E. Gardiner, Judge

Virginia C. Haizlip (Kathryn C. Swain; McCandlish & Lillard, PC, on
briefs), for appellant.

Michael C. May (May Law, L.L.P., on brief), for appellee.


Suzanne Schillmoeller ("wife") appeals from a divorce decree of the Circuit Court of

Fairfax County ("trial court"). Both wife and Andrew Younkle ("husband") dispute the terms of

a marital separation agreement ("MSA") that they executed before their divorce. Wife argues

that the trial court erred in: (1) "determining that the [MSA] was clear and unambiguous on its

face and did not require the introduction of parol evidence"; (2) "interpreting the MSA as

providing for spousal support despite the contradictory language employed by the parties"; and

(3) "deciding in favor of Appellee[,] in violation of the *Massey* [sic] doctrine."[1] Husband argues

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The *Massie* doctrine prohibits a litigant from relying on evidence that contradicts his
testimony about facts within his personal knowledge. *Massie v. Firmstone*, 134 Va. 450, 462
(1922). Because we hold that the MSA is unambiguous, we do not address wife's third
assignment of error. "Following the traditional doctrine of judicial restraint, [appellate courts]
'decide cases "on the best and narrowest grounds available."'" *Levick v. MacDougall*, 294 Va.
283, 302 (2017) (quoting *Commonwealth v. White*, 293 Va. 411, 419 (2017)). *See also Kirby v.
Commonwealth*, 50 Va. App. 691, 698 n.2 (2007).

in his cross assignments of error that the trial court erred in: (1) "refusing to allow" him to argue that he should be awarded attorney fees; and (2) "summarily deny[ing] the award of attorney fees to him."

For the following reasons, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion. We hold that the MSA is unambiguous and affirm the trial court's decision to deny parol evidence. We hold that the MSA classifies husband's "disposable military retired pay"[2] as a marital asset, subject to equitable distribution, rather than spousal support. Therefore, we reverse the trial court's classification of husband's military retirement pay as spousal support. Accordingly, "wife shall have 50% of [husband's] military retirement, when a military retirement is earned by Husband."[3] Further, we hold that the trial court did not err in denying husband attorney fees and affirm its decision not to award those expenses. Finally, we deny both parties' requests for an award of attorney fees and costs incurred on this appeal.

## I. BACKGROUND

Husband and wife separated after almost ten years of marriage. Without representation,[4] both drafted and entered a MSA using a generic template. The trial court affirmed, ratified, and incorporated by reference the MSA into the parties' final decree of divorce in April 2010. The

---

[2] There are a variety of common alternatives to the term "disposable military pay." Depending on the source and its author, judicial opinions, legal briefs, statutes, journals, and articles have all used different ways to refer to the same military benefits. A few ways "disposable military pay," as stated in the Act, have been identified include "military retirement pay," "retired pay," "military retirement income," and "military pay." Even the U.S. Code uses "retired or retainer pay" and "monthly retired pay" in the same code chapter. *See e.g.*, 10 U.S.C. § 1408. We note this issue to clarify that these terms all mean the same thing.

[3] Andrew R. Younkle was not retired from the military during the MSA or divorce proceedings. Thus, no military retirement had been "earned by Husband."

[4] Suzanne M. Schillmoeller was a licensed attorney during this time.

MSA is a seven-page pre-formatted document divided into twelve numbered sections with various subsections and titles. Under the MSA and specifically in dispute on this appeal is Section 8, which is titled "SPOUSAL SUPPORT" and states that husband "shall pay to Wife spousal support in the sum of zero dollars" for a period of "N/A." This section further provides that "[a]lso, Husband agrees that Wife shall have 50% of his military retirement, when a military retirement is earned by Husband."

Other relevant sections and subsections included: subsection "C" of Section 2 labeled "OTHER PERSONAL PROPERTY" which states, "[t]he goods have already been divided"; and Section 10 titled "FINAL AGREEMENT" which states, "[t]his agreement sets forth the entire agreement and understanding between the Husband and Wife relating to the settlement of marital property and finances and supersedes all prior discussions between us." The divorce decree included no spousal support provisions, and neither party completed the spousal support notice requirements established in Code § 20-107.1(H). Husband re-enlisted in the military in May 2010 and remains on active duty. Wife remarried in 2012.

In 2020, wife applied for her share of husband's military retirement pay. Husband filed an "Amended Motion for Declaratory Relief," arguing that under Section 8 of the MSA, husband's military retirement was a spousal support award that terminated upon wife's remarriage in 2012. Husband also requested attorney fees. Wife responded, asserting that the award of husband's military retirement pay should be considered marital property subject to equitable distribution, not spousal support. Husband filed a motion *in limine* to exclude parol evidence, arguing that the MSA was unambiguous.

The trial court found that the terms of the MSA were not ambiguous and parol evidence was unnecessary. The trial court held that the award of husband's military retirement pay was spousal support and that wife's remarriage terminated her right to spousal support. The trial

court further held that the parties would be responsible for their own attorney fees. Wife filed a motion to reconsider, which the court denied. This appeal follows.

## II. ANALYSIS

"Property settlement agreements are contracts and are subject to the same rules of construction that apply to the interpretation of contracts generally." *Price v. Peek*, 72 Va. App. 640, 646 (2020) (quoting *Jones v. Gates*, 68 Va. App. 100, 105 (2017)). "[T]his Court reviews the circuit court's 'interpretation of the parties' agreement *de novo*.'" *Id.* "We do not defer to a trial court's determination because 'we have an equal opportunity to consider the words of the contract within the four corners of the instrument itself.'" *Worsham v. Worsham*, 74 Va. App. 151, 164 (2022) (quoting *Va. Elec. & Power Co. v. N. Va. Reg'l Park Auth.*, 270 Va. 309, 315 (2005)). A court's determination of "[w]hether contractual provisions are ambiguous is a question of law and not of fact." *Id.* (alteration in original) (quoting *Nextel Wip Lease Corp. v. Saunders*, 276 Va. 509, 515 (2008)).

The issue before this Court is the same as it was in the lower court: did the parties' agreement that wife shall have 50% of husband's military retirement pay terminate upon wife's remarriage? Clearly, classifying husband's military retirement as spousal support would terminate his financial obligation to wife. *See* Code § 20-109(D).[5] In contrast, if the military retirement provision is classified as a property division, wife's entitlement to the military retirement is unaffected by her remarriage.

### A. Interpreting the Language of the MSA

Wife contends that the trial court erred in: (1) determining that the contract (MSA) was clear and unambiguous on its face; and (2) interpreting the MSA as providing for spousal support

---

[5] Code § 20-109(D) states in part that "[u]nless otherwise provided by stipulation or contract, spousal support and maintenance shall terminate upon the death of either party or remarriage of the spouse receiving support."

despite the contradictory language employed by the parties. We agree with the trial court that the MSA is clear and unambiguous on its face, but we reverse the court's classification of husband's military retirement pay as spousal support. We hold that the MSA classifies husband's military retirement as a marital asset subject to equitable distribution.

We agree with the trial court that the contract is "clear and unambiguous" on its face and did not require the introduction of parol evidence. "An agreement should be deemed 'ambiguous if it may be understood in more than one way or when it refers to two or more things at the same time.'" *Vilseck v. Vilseck*, 45 Va. App. 581, 588 (2005) (quoting *Video Zone, Inc. v. KF & F Props.*, 267 Va. 621, 625 (2004)). Parol evidence is admissible when the contract's language is ambiguous. *Stroud v. Stroud*, 49 Va. App. 359, 367 (2007). "A contract is not ambiguous merely because the parties disagree as to the meaning of the terms used." *Plunkett v. Plunkett*, 271 Va. 162, 167 (2006). "An ambiguity is not present simply because one could 'hypothesize "opposing interpretations" of the same contractual provision.'" *Worsham*, 74 Va. App. at 168 (quoting *Erie Ins. Exch. v. EPC MD 15, LLC*, 297 Va. 21, 29 (2019)). "In reviewing a property settlement agreement, the court must determine 'the intent of the parties and the meaning of the language . . . from an examination of the entire instrument, giving full effect to the words the parties actually used.'" *Jones*, 68 Va. App. at 106 (alteration in original) (quoting *Layne v. Henderson*, 232 Va. 332, 337-38 (1986)).

When Congress passed the Uniformed Services Former Spouses Protection Act ("USFSPA") in 1982, the Act allowed state courts to treat "disposable [military] retirement pay" as the property of exclusively the veteran or both the veteran and the veteran's spouse under the state's domestic relations law. *Mansell v. Mansell*, 490 U.S. 581, 584 (1989). The USFSPA expressly gave state courts "the authority to treat disposable retired pay as community property" in divorce proceedings. *Id.* at 589. Thus, the Act is clear that disposable military retirement pay

can be subject to equitable distribution. The division of that property can be effected by an order of the court or an agreement between the parties. Here, the division was an agreement between the parties.

Nothing in the USFSPA prohibits disposable military retirement pay from being classified as spousal support especially upon an agreement between the parties. Since the USFSPA allows courts to treat military retirement pay as the exclusive property of both the veteran and the veteran's spouse under the state's domestic relations law, the parties can certainly contract regarding their property within the boundaries set by both state and federal law. Additionally, spousal support is allowed to be paid from the retired pay. 10 U.S.C. § 1408(d)(1). Thus, disposable military retirement payments can be classified as spousal support upon an agreement between the parties. However, here there was no such agreement for spousal support.

Reading marital separation agreements or property settlement agreements to determine whether retirement payments are classified as spousal support or marital property, courts in Virginia typically look to the terms of the parties' agreement with an eye toward the intent and function of the payments. *See Langley v. Johnson*, 27 Va. App. 365, 369 (1998).[6] In general, "the object of spousal support is to 'provide a sum for such period of time as needed to maintain

---

[6] *Langley* concerned a dispute over the characterization of a provision for weekly payments of a specified sum from husband to wife until her death. While payment obligation was set out in a section of the agreement entitled "Spousal Support and Separate Maintenance," the agreement also provided that headings within the instrument "are inserted as a matter of convenience only and for reference and in no way define or describe the scope of this Agreement or any provision thereof." 27 Va. App. at 368-69. Even without relying on the heading, however, the court concluded the agreement unambiguously provided for the payments as a form of spousal support. The payments neither constituted nor otherwise related to any property interest of the parties, and the agreement contained no indication that the payments were intended to adjust the parties' rights and interest in their property. By contrast, the fact that the payment amount was to be adjusted annually according to the consumer price index suggested they were intended to provide for wife's necessities, and the termination-at-death limitation further suggested that they related to her personal circumstances.

the spouse in the manner to which the spouse was accustomed during the marriage.'" *Dailey v. Dailey*, 59 Va. App. 734, 743 (2012) (quoting *Blank v. Blank*, 10 Va. App. 1, 4 (1990)).

Here, no language in the MSA suggests that disbursements from the military retirement were intended to function as spousal support. Nothing in the MSA suggests that the payments were intended to go to wife immediately after the divorce for a specific period of time, and there is no language that suggests the payments were intended to maintain wife in the manner to which she was accustomed during marriage. Rather, under the language of the MSA, all military retirement payments are to be paid to wife at some unspecified time in the future. It is difficult to imagine how payments in the future could effectively function as spousal support to maintain a present lifestyle to which wife is accustomed or provide for her current necessities or personal circumstances. Clearly, the payments were intended to function as marital property to be distributed at some time in the future after they were earned.

Further, as a procedural matter, husband failed to satisfy the spousal support notice requirements in the final divorce decree as set forth in Code § 20-107.1(H) or to include its language in the MSA.[7] Such an exclusion implies that the parties did not intend to award the military retirement as spousal support. *See Pellegrin v. Pellegrin*, 31 Va. App. 753, 759 (2000) ("In determining the intent of the parties, courts will generally not infer covenants and promises which are not contained in the written provisions. However, 'what is necessarily implied is as much a part of the instrument as if plainly expressed, and will be enforced as such.'" (quoting *Va. Ry. & Power Co. v. City of Richmond*, 129 Va. 592, 611 (1921))). Therefore, the language in

---

[7] Code § 20-107.1(H) provides that agreements awarding spousal support must include, *inter alia*, "[t]he amount of periodic spousal support expressed in fixed sums, together with the payment interval, the date payments are due, and the date the first payment is due," and "[n]otice that in determination of a spousal support obligation, the support obligation as it becomes due and unpaid creates a judgment by operation of law."

the agreement indicates that the parties' intent was that husband's military retirement pay would not serve as an award of spousal support.

Instead, the language of the MSA has evidence of equitable distribution intent. For example, the terms provide that "wife shall have husband's retirement," rather than "husband shall pay wife," which implies a division of property rather than a support payment.[8] Here, we easily reach a reasonable determination of the parties' preliminary intentions without "myopically focus[ing] on a word here or a phrase there." *Erie*, 297 Va. at 28. Under the simple language of the MSA, it is unambiguous that the parties intended that wife receive 50% of husband's military retirement when it was earned. This language supports interpreting this provision as a division of property rather than spousal support or maintenance of wife.

The MSA also specifically states, "spousal support in the sum of zero dollars," which we read as awarding wife spousal support in the sum of zero dollars today, tomorrow, and any future date. The subsequent paragraph reads, "[a]lso, Husband agrees that Wife shall have 50% of his military retirement, when a military retirement is earned by Husband." "Also" means "in addition to."[9] We look again to the plain meaning of each word. Reading the agreement using the plain meaning of "also," the agreement states that in addition to "spousal support in the sum of zero dollars," wife *shall have* 50% of the husband's military retirement when earned by husband. This language shows that the parties' intention was not for husband to give the

---

[8] *See, e.g.*, *Baker v. Baker*, 38 Va. App. 384, 386 (2002) (classifying a profit sharing plan as a division of marital property when the parties' property settlement agreement stipulated "wife *shall have* one-half of husband's [profit sharing plan]" (emphasis added)); *Lewis v. Lewis*, 53 Va. App. 528, 532 (2009) (classifying a pension as marital property when former spouses' property settlement agreement provided "[h]usband's pension *shall be divided* 50/50" (emphasis added)); *Jones v. Gates*, 68 Va. App. 100, 103 (2017) (classifying military retirement as a marital asset when the parties' settlement agreement provided "[w]ife *shall receive* one-half of the marital share of Husband's military retirement accounts/plans" (emphasis added)).

[9] *Also*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/also (last visited Feb. 13, 2023).

retirement pay to wife in place of spousal support, but rather is a separate provision giving ownership of the retirement pay to wife. This language thus shows that the parties intended to classify the retirement pay as marital property.

The fact that the provision distributing husband's military retirement is under a heading titled "SPOUSAL SUPPORT" does create a potential for conflicting interpretations of the parties' intent. We note, however, that "[w]hile labels may be helpful in determining contractual intent, they are not controlling." *Donnelly v. Donatelli & Klein, Inc.*, 258 Va. 171, 180 (1999). The placement of the military retirement provision under the "SPOUSAL SUPPORT" heading is the only fact that suggests the parties intended the military retirement to function as spousal support. In contrast, federal law permitting veterans and their spouses to treat military retirement pay as marital property and all of the language in the agreement suggests that the parties intended the military retirement to be classified as marital property subject to equitable distribution. We therefore hold that because the parties clearly intended to qualify the military retirement as an asset subject to equitable distribution, wife is thus entitled to 50% of the military retirement and maintains the right to collect her share of that marital property, despite her remarriage.[10]

### B. The Exclusion of Parol Evidence

Wife also argues that the trial court erred in prohibiting the introduction of parol evidence. Because we hold, above, that the agreement is clear and unambiguous on its face, we disagree.

Generally, extrinsic evidence is prohibited. *Berry v. Klinger*, 225 Va. 201, 208 (1983). "This is so because the writing is the repository of the final agreement of the parties." *Id.*

---

[10] Because the parties have stipulated to the 50% division of husband's military retirement, we do not engage in the three-step analysis that is generally required to determine the marital share of a defined benefit plan. *See, e.g.*, *Starr v. Starr*, 70 Va. App. 486, 489 (2019); *see also* Code § 20-107.3(G)(1).

Additionally, "[t]he parol-evidence rule excludes extrinsic evidence more broadly when the writing is a 'complete integration.'" *Worsham*, 74 Va. App. at 166. A writing that is a complete integration "bars parol evidence that is offered to 'add to or explain the terms of a complete, unambiguous, unconditional, written instrument.'" *Id.* (quoting *Godwin v. Kerns*, 178 Va. 447, 451 (1941)). Nevertheless, parol evidence is admissible when the contract's language is ambiguous. *Stroud*, 49 Va. App. at 367.

Here, the agreement is a complete integration. The agreement states that, "[t]his agreement sets forth the entire agreement and understanding between the Husband and Wife relating to the settlement of marital property and finances and supersedes all prior discussions between us." Thus, because the agreement is a complete integration and we hold, above, that the agreement is unambiguous, parol evidence is barred. Therefore, we hold that the trial court did not error in prohibiting the introduction of parol evidence.

## C. Attorney Fees at Trial

Husband argues in his cross assignments of error that the trial court erred in: (1) refusing to allow him to make an argument in support of an award of attorney fees; and (2) summarily denying him the award of attorney fees. He claims the trial court denied him the opportunity "to present possible factors for the court to consider despite requesting that the judge hear his motion."

Generally, "a claim for recovery of fees is required to be pled under the clear language of Rule 3:25." *Graham v. Cmty. Mgmt. Corp.*, 294 Va. 222, 229-30 (2017). Rule 3:25(b) requires a party to state in his responsive pleading the basis for recovery of attorney fees. The claim is waived unless leave to file an amended pleading is granted. Rule 3:25(c). "Absent agreement of the parties with the concurrence of the court, or pursuant to contract or statute with specific provisions, a litigant is not entitled to bifurcate the issues and have the matter of attorney[] fees

decided by the trial court in post-verdict proceedings." *Lee v. Mulford*, 269 Va. 562, 567-68 (2005).

"An award of attorney[] fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." *Graves v. Graves*, 4 Va. App. 326, 333 (1987). "Under the 'American rule,'" which Virginia courts observe, "prevailing litigants generally cannot recover their attorney fees unless permitted by statute, contract, or some other recognized exception." *Worsham*, 74 Va. App. at 178. Additionally, there are a variety of circumstances where it is appropriate to award litigation expenses.[11] Generally, in domestic relations cases, specifically divorce proceedings, the parties can ask for fees under Code §§ 20-79(b) and 20-99(6).

Code §§ 20-79(b) and 20-99(6) "provide the statutory basis for the broad discretionary authority circuit courts have to award attorney[] fees and other costs as the equities of a divorce case and its ancillary proceedings may require." *Tyszcenko v. Donatelli*, 53 Va. App. 209, 222 (2008). "This discretionary authority also extends to related post-divorce proceedings." *Id.* There is no provision in either statute that entitles the prevailing party to attorney fees; however, "after considering 'the circumstances of the parties' and 'the equities of the entire case,' a trial court may exercise its discretion and issue an award of attorney[] fees and costs that is reasonable 'under all of the circumstances revealed by the record.'" *Mayer v. Corso-Mayer*, 62 Va. App. 713, 734 (2014) (quoting *Tyszcenko*, 53 Va. App. at 223).

Here, after a review of the record, we hold that it was not error for the trial court to prohibit husband to argue for attorney fees or to deny him attorney fees because husband did not

---

[11] *See, e.g.*, *Rowe v. Rowe*, 24 Va. App. 123, 139 (1997) (awarding attorney fees for the trial court's failure to consider statutory factors in equitable distribution); *Northcutt v. Northcutt*, 39 Va. App. 192, 200-01 (2002) (awarding attorney fees due to a party unnecessarily prolonging litigation); *Mina v. Mina*, 45 Va. App. 215, 222 (2005) (awarding attorney fees because of the trial court's error of law).

comply with Rule 3:25. At trial, husband did not seek attorney fees until after the court's ruling. Moreover, on appeal, he gives no explanation for why his claim should not be deemed waived for failure to comply with the rule. Thus, we hold that because husband did not comply with Rule 3:25, husband waived his claim for attorney fees—the trial court did not err in prohibiting him from arguing for attorney fees post-verdict nor in denying him those fees.

Additionally, husband's arguments that the trial court erred by refusing to allow him to argue for attorney fees are barred by Rule 5A:18. Under Rule 5A:18, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." To preserve a claim for appeal, a party must state to the trial court the specific legal reasoning for his position. *See Perry v. Commonwealth*, 58 Va. App. 655, 673 (2011) (holding appellant's assignment of error that admission of an out-of-court statement violated his Sixth Amendment right to confrontation was barred by Rule 5A:18 because at trial, appellant only objected to admission of the statement on hearsay grounds).

Here, husband has not preserved his objection to the trial court's ruling because he did not offer to the trial court a legal reason for his belief that he was entitled to attorney fees. At trial, husband simply noted his objection in the trial court's final order, stating, "objected as to ruling that each party bears their own fees." Husband did not offer any legal theory for why he was entitled to attorney fees and thus, should have been heard on the matter. As a result, there is no evidence for this Court to consider in determining an award of fees. Thus, the denial of husband's request for attorney fees was appropriate. We hold that the trial court did not abuse its discretion in denying husband's request for attorney fees.

D. Appellate Attorney Fees

Both parties have requested an award of attorney fees and costs incurred on appeal. This Court may award all or part of the fees requested. *See* Rule 5A:30(b)(1)-(2). "The decision of whether to award attorney[] fees and costs incurred on appeal is discretionary." *Koons v. Crane*, 72 Va. App. 720, 742 (2021) (quoting *Friedman v. Smith*, 68 Va. App. 529, 545 (2018)). Both parties have raised legitimate arguments. "Since this litigation 'addressed appropriate and substantial issues,' and 'neither party generated unnecessary delay or expense in pursuit of its interests,'" we deny both parties' requests for an award of attorney fees and costs incurred on appeal. *Porter v. Porter*, 69 Va. App. 167, 176 (2018) (quoting *Estate of Hackler v. Hackler*, 44 Va. App. 51, 75 (2004)); *see also* Rule 5A:30(b). Additionally, in making such a determination, the Court considers all the equities of the case. Rule 5A:30(b)(3). After considering the record before us and all the equities of the case, we deny both parties' requests for attorney fees.

III. CONCLUSION

For the following reasons we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion. We affirm the trial court's holding that the MSA is unambiguous and affirm its decision to deny parol evidence. However, we hold that the MSA classifies husband's military retirement as a marital asset, subject to equitable distribution. We reverse the trial court's finding that husband's military retirement pay is spousal support. Therefore, "wife shall have 50% of [husband's] military retirement, when a military retirement is earned by Husband." We hold that wife maintains the right to collect her share of that marital property, notwithstanding her remarriage. Further, we affirm the trial court's judgment denying husband attorney fees and costs. Lastly, the parties' requests for attorney fees and costs in this appeal are denied.

*Affirmed in part, reversed in part, and remanded.*